## 50176. ALLIED ASPHALT COMPANY v. CUMBIE et al.

CLARK, Judge.

Did the complaint seeking foreclosure of a materialman's lien upon real estate under Code Ann. § 67-2002 satisfy the requirement of suing the person with whom the debt was contracted within twelve months from the date the debt became due? That is the principal question presented in this appeal. It arises because the complaint as originally filed did not contain a prayer for judgment in personam against the contractor. After plaintiff had amended in this respect, defendant owners moved to dismiss the complaint for failure to state a claim upon which relief can be granted. Upon this motion being granted, plaintiff materialman has brought this appeal.

Having satisfied the statutory requirement of filing for record its claim of lien within three months after furnishing labor and material for construction of roads and streets in the improvement of designated lands, plaintiff materialman filed suit in the superior court within twelve months of the date the debt became due. As amended, the defendants were the sub-contractor to whom plaintiff had supplied the paving materials, and the owners. As originally filed, the complaint alleged, inter alia, that plaintiff entered into a contract with defendant C. L. Cumbie, a sub-contractor, to install asphalt paving on described realty of defendant owner; that plaintiff completed the work pursuant to the contract but had not been paid; that plaintiff filed a lien against the real estate pursuant to Code Ann. § 67-2002; and that plaintiff was entitled to an in rem judgment against the land described in the lien in the amount of $16,561.28. Plaintiff's prayer concluded, "Wherefore, Plaintiff demands a judgment in rem against the real estate ... and that the Plaintiff have such other and further relief as is

deemed just in the premises." Subsequently — but after expiration of the twelve-month period within which an in personam action must be initiated — plaintiff amended the complaint to add a prayer "for a money judgment in personam" against the co-defendant with whom plaintiff had contracted. Thereupon a motion to dismiss the complaint for failure to state a claim pursuant to Code Ann. § 81A-112 (b) (6) was filed in behalf of defendant owners. The instant appeal is from the grant of that motion dismissing the "complaint and all amendments thereto." *Held:*

1. It is essential and imperative[1] that statutory requirements be satisfied in order to have a valid foreclosure of a materialman's lien. See *D. H. Overmyer Warehouse Co. v. W. C. Caye & Co.,* 116 Ga. App. 128 (157 SE2d 68) where our late beloved Judge Eberhardt in his erudite fashion related the history of Georgia's lien laws. The applicable statute states plainly that "To make good the liens . . . they must be created and declared in accordance with the following provisions, and on failure of any of them the lien shall not be effective . . ." Code Ann. § 67-2002.

To be entitled to a lien, plaintiff must have filed for record his claim of lien within three months after materials were furnished; and an action for recovery of the amount of the claim must be commenced within twelve months from the time it became due. Code Ann. § 67-2002 (3); *Eubank v. Barber-Colman Co.,* 115 Ga. App. 217, 219 (2b) (154 SE2d 638). While the latter requirement may be satisfied by concurrently suing the contractor or owner when seeking to enforce the lien (*Cheshire v. Engelhart,* 82 Ga. App. 458 (2) (61 SE2d 434)), the commencement of an in personam action within the time specified is a prerequisite to the foreclosure of a materialman's lien. "One of the conditions precedent to the foreclosure of the liens specified in Code Ann. § 67-2001 is that suit must be brought by the laborer or materialman against the person with whom the debt was

---

[1] Redundancy may result in grammatical criticism but is helpful for emphasis.

contracted, either the owner or the contractor, as the case may be, within twelve months from the time the debt became due. [Cits.]" *Jordan Co. v. Adkins,* 105 Ga. App. 157 (1) (123 SE2d 731).

2. Relying upon *Murray Chevrolet Co. v. Godwin,* 129 Ga. App. 153 (199 SE2d 117), defendant owners argue that plaintiff's "in personam prayer amendment" does not relate back to the filing of the complaint; and accordingly the motion to dismiss was properly granted since plaintiff had failed to commence an in personam action against the party with whom it contracted within the requisite twelve month period. Plaintiff, on the other hand, replies that the amendment does relate back to the filing of the complaint so that the commencement of an in personam action should be deemed timely.

In our view, plaintiff's original complaint, *without the amendment,* was sufficient to withstand the motion to dismiss for failure to state a claim upon which relief can be granted. Accordingly, we deem it unnecessary to consider whether plaintiff's amendment relates back to the filing of the original petition.

Code Ann. § 81A-154 (c) provides, in part: "[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." This procedural provision "makes it clear that the demand for judgment is no part of the claimant's cause of action." 2A Moore's Federal Practice § 8.18, p. 1803.

"Inasmuch as the demand for relief does not constitute part of the pleader's claim for relief, a failure to demand the appropriate relief will not result in a dismissal. The question is not whether plaintiff has asked for the proper remedy but whether he is entitled to any remedy." Wright & Miller, Federal Practice & Procedure: Civil § 2664, p. 108. Here plaintiff's complaint set forth a claim for in personam relief against defendant sub-contractor; and the failure to demand such relief among the prayers is of no consequence.

Having commenced the in personam action within the required twelve month period, plaintiff fulfilled the condition precedent to the assertion of its lien. The trial court erred in dismissing the complaint.

*Judgment reversed. Pannell, P. J., and Quillian, J., concur.*

ARGUED FEBRUARY 4, 1975 — DECIDED MAY 12, 1975 — REHEARING DENIED JUNE 5, 1975 —

*George N. Skene,* for appellant.

*Barnes, Kendrick-Holmes, Slocumb & Pinkston, Thomas C. Kendrick-Holmes, Brown, Katz & Dasher, S. Phillip Brown, Harris, Watkins, Taylor & Davis, Joseph H. Davis,* for appellees.