## 50537. G & B CONTRACTORS, INC. v. CORONET DEVELOPERS, INC. et al.

BELL, Chief Judge.

Plaintiff, a subcontractor, brought a suit to foreclose its lien for labor and materials against the general contractor and the owner of the real estate in the State Court of Cobb County within twelve months from the time the debt became due, as required by Code Ann. § 67-2002 (3). This suit was dismissed for lack of jurisdiction and venue. Plaintiff later, but more than twelve months from the time the debt was due but within six months after the dismissal of the prior suit, renewed the foreclosure suit in the Fulton Superior Court and also sought a general judgment against the defendant property owner for the reasonable value of the labor and materials used in the improvement in the defendant's property. The trial court dismissed the complaint. *Held:*

1. *Chamblee Lumber Co. v. Crichton,* 136 Ga. 391 (71 SE 673) holds that the renewal statute, Code Ann. § 3-808, has no application to a suit to foreclose the lien of a materialman. The decision controls here. Since foreclosure was commenced more than twelve months after the date the debt became due, plaintiff was barred from foreclosing its lien. The trial court correctly dismissed Count 1 of the complaint.

2. In Count 2, the plaintiff alleged that the defendant accepted the work and improvements placed on its real estate by the plaintiff and, therefore, plaintiff is entitled to recover the reasonable value of the services performed. It is admitted by plaintiff that there is no privity of contract between itself and the defendant owner. "Where a materialman seeks to foreclose his lien against real estate which has been improved with material furnished by him to a contractor for such purpose, he can not recover a general verdict and judgment against the owner of the land for the value of the material furnished, . . . for the simple reason that he is no party to the contract for the purchase of the material." *Gignilliat v. West Lumber Co.,* 80 Ga. App. 652 (56 SE2d 841). The case of *Conway v. Housing Authority,* 102 Ga. App. 333 (116 SE2d 331), is distinguishable from this in

that in *Conway* the owner procured a subcontractor engaged in performing work for the general contractor to perform additional work. This factor is not present here. Accordingly, the trial court properly dismissed Count 2 of the complaint.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

SUBMITTED MAY 5, 1975 — DECIDED MAY 29, 1975.

*Downey, Cleveland & Moore, Douglas R. Haynie,* for appellant.

*Richard A. Feldman,* for appellees.