52583, 52584. DIXIE LIME & STONE COMPANY v. RYDER TRUCK RENTAL, INC. et al. (two cases).

Stolz, Judge.

Dixie Lime and Stone Company (Dixie) filed an action against Ryder Truck Rental, Inc. (Ryder), as property owner, and Reliance Insurance Company of Philadelphia, Pennsylvania (Reliance), as surety on bond, to foreclose a lien for materials furnished in the improvement of Ryder's real property.

The essential facts are undisputed. In September 1974, Ryder employed Aspinwall Contracting Company, Inc. (Aspinwall) to make certain improvements on its property. Aspinwall subcontracted part of the work to be done to Donald Byrd, d/b/a Deep South Construction Company (Byrd). On September 12, 1974, Dixie commenced supplying stone to Byrd for use in constructing the improvements on Ryder's property. Byrd, the subcontractor, did not have sufficient credit with Dixie to assure the supply of the stone for use on the job. To solve this problem, on September 13, 1974, P. W. Aspinwall, president of the general contracting corporation, executed a written guaranty of payment for all stone to be used in the construction on Ryder's property. Dixie furnished stone at requested intervals through October 4, 1974, of a total value of $10,518.23, for which it has not been paid. Dixie filed its materialman's lien on December 4, 1974, and filed suit against Byrd, the subcontractor, and Aspinwall, the general contractor, on March 31, 1975. Aspinwall bankrupted during the pendency of the suit and the action was ordered stayed. Judgment was obtained against Byrd, but has not been satisfied.

On October 9, 1975, Dixie filed this suit to foreclose its lien on Ryder, the landowner, and Reliance, its surety

on a dissolution bond. Ryder's defense is two-fold: (1) Payment of the full contract price to Aspinwall for materials and labor furnished and waivers of lien obtained from Aspinwall, Byrd and another materialman, all obtained prior to the filing and recording of Dixie's lien. (2) Dixie failed to bring the action against it within twelve months of the last day on which Dixie supplied stone to Byrd.

Both parties moved for summary judgment. The trial judge sustained that of Ryder (Case No. 52584) and denied that of Dixie (Case No. 52582). It is from these orders that these appeals arise.

1. The first issue to be resolved is whether or not Dixie's lien foreclosure suit against Ryder was timely filed. Code Ann. § 67-2002 (3) provides in part for the commencement of the action for the amount of the claim within 12 months *from the time the same shall become due.* Generally, the account becomes due "upon the delivery of the last item constituting a part of the . . . account." *McCluskey v. Still,* 32 Ga. App. 641 (1) (124 SE 548) and cits. The invoices covering each delivery of stone had the words "Terms: Net thirty days from date of invoice" written in the lower left corner. The invoices (10) were dated within the period from September 13, 1974, to October 4, 1974, with the last bearing the latter date.

Code Ann. § 67-2002 (3) was amended by Ga. L. 1968, pp. 317, 318. The preamble to that Act states in part, on p. 318, that the Act is amended "so as to provide that any lien enforced directly against the property so improved shall be brought within twelve (12) months from the time such material, services, labor, or supplies were furnished. . ." In *Home Mart Building Centers v. Jones, Inc.,* 133 Ga. App. 822 (1) (212 SE2d 476)this court held, "Where a contractor for the construction of a dwelling upon realty purchases materials to be used therein, the debt for the materials is due when the last material is delivered within the meaning of Code § 67-2002 (3) providing the materialman must bring 'an action for the recovery of the amount of his claim within 12 months of the time the same shall become due,' *unless there is an agreement to the contrary when the materials are purchased."* (Emphasis supplied.) The appellant contends that the 12-month period began to run 30 days

after the last materials were furnished under the terms of the invoice. The appellees' position is that the period began on the date that the last materials were furnished. The trial judge agreed with the appellees, and we concur in that judgment. Such was the clear intent of the legislature as stated in the 1968 amendment to Code § 67-2002 (3), supra. To hold otherwise would be to allow a materialman, laborer, etc., to enter into an agreement with a contractor regarding the "due date" without any notice, consultation or agreement with the property owner, the consequence of which would be to preserve the lien rights on the real estate for an indefinite time in the future. The adverse effects of such a rule on property owners and secured creditors, are obvious. The decision of this court in *Home Mart Building Centers, Inc. v. Jones,* 133 Ga. App. 822, supra, is hereby overruled and disapproved insofar as the same relates to extending the time for filing of suits beyond 12 months from the date the last materials, etc., were furnished pursuant to Code § 67-2002 (3).

2. The holding in Division 1, supra, makes it unnecessary to consider the other grounds of the appeal.

The judgment of the trial court is affirmed in both cases.

*Judgments affirmed. Bell, C. J., Deen, P. J., Quillian, P. J., Clark, Webb, Marshall and Smith, JJ., concur. McMurray, J., disqualified.*

ARGUED SEPTEMBER 20, 1976 — DECIDED OCTOBER 6, 1976 — REHEARING DENIED OCTOBER 26, 1976 —

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., J. Robert Carr, James C. Rawls,* for appellant.

*Nall, Miller & Cadenhead, Gerald A. Friedlander,* for appellees.