63109. DODSON v. EARLEY et al.

POPE, Judge.
Appellant Ray Dodson d/b/a Villa Rica Cabinet Company brought suit against appellees Thomas D. Earley et ux. In his original

---

complaint Dodson sought to foreclose his materialman's lien on real property owned by appellees. Dodson thereafter amended his complaint by adding a count which set forth a claim in quantum meruit. Appellees moved for judgment on the pleadings as to Count I of the complaint and moved to dismiss Count II pursuant to Code Ann. § 81A-112 (b). Dodson brings this appeal from the trial court's grant of those motions dismissing each count of his complaint.

1. The first count of Dodson's verified complaint alleged that he had furnished labor and materials on certain improvements made to appellees' property pursuant to a contract with one John Hembree d/b/a Hembree Construction Company. The complaint further alleged that Hembree had absconded and his whereabouts were unknown. For this reason Dodson sought to foreclose his lien in rem directly against appellees, the owners of the real property improved. See Code Ann. § 67-2002 (3).

Dodson's complaint alleged that February 1, 1980 was the last day on which labor and materials were furnished pursuant to his contract. Code Ann. § 67-2002 (3) requires that an action by a subcontractor such as Dodson for the recovery of his claim in rem against the property owner must be commenced within 12 months from the date the same became due. The foreclosure action in the case at bar was not filed until February 17, 1981. Since this action was not brought within 12 months from February 1, 1980, the date Dodson's claim became due (see *Dixie Lime &c. Co. v. Ryder Truck Rental,* 140 Ga. App. 188 (1) (230 SE2d 322) (1976)), the trial court correctly dismissed Count I of the complaint. *Adair Mtg. Co. v. Allied Concrete Enterprises,* 144 Ga. App. 354 (1) (241 SE2d 267) (1977), affd. 241 Ga. 121 (243 SE2d 888) (1978).

2. Dodson amended his complaint by adding a second count thereto on the day before the hearing scheduled on appellees' motion for judgment on the pleadings. Count II stated in full: "[Dodson] is entitled to recover of [appellees] in quantum meruit." Following the scheduled hearing, the trial court entered an order dismissing Count I of the complaint. Shortly thereafter appellees moved to dismiss Count II of the complaint on the ground that it failed to state a claim upon which relief could be granted.

"Black's Law Dictionary defines the words 'quantum meruit' as: 'The common count in an action of assumpsit for work and labor, founded on an implied assumpsit or promise on the part of the defendant to pay the plaintiff as much as he reasonably deserved to have for his labor.' " *Johnson v. Higgins-McArthur Co.,* 99 Ga. App. 260, 263 (108 SE2d 299) (1959). In support of the cause of action set forth in Count II of his complaint, Dodson cited his verified response to certain interrogatories posed to him by appellees. His response in

pertinent part was as follows: "Initial contact concerning the construction of the cabinets that are the subject of this suit was made by [appellees]. At this time . . . Dodson was not aware of anyone in the capacity of general contractor. At all times involved in the furnishing of the [subject] labor and materials . . . Dodson dealt exclusively with Mrs. Earley as to the design, quality and particulars of the subject materials. Subsequent to the general contractor absconding . . . Dodson was assured payment by [appellees], and during this time he relied on these assurances."

Nothing in the foregoing response rises to the level of a contract, express or implied, between Dodson and appellees. Rather, the record in this case discloses *only* a contract between Dodson and Hembree, the general contractor. See Division 1 of this opinion. Accordingly, the case at bar is controlled by *Gignilliat v. West Lumber Co.,* 80 Ga. App. 652 (2) (56 SE2d 841) (1949), wherein this court held: "A materialman can not recover a general personal judgment against the owner of the land for the material furnished in placing improvements thereon, unless it be shown that he is a party to the contract for the purchase of the material." Since the record in this case wholly fails to show any contractual relationship between Dodson and appellees, the trial court properly dismissed Count II of the complaint. *Bishop v. Flood,* 133 Ga. App. 804 (1) (212 SE2d 443) (1975); *Jordan Co. v. Adkins,* 105 Ga. App. 157 (3) (123 SE2d 731) (1961).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 16, 1982.

*Daniel T. Stringer,* for appellant.
*David S. Marotte,* for appellees.