74448. FOSTER & KLEISER, INC. v. COE & PAYNE COMPANY.
(363 SE2d 818)

BEASLEY, Judge.

Foster & Kleiser, Inc. (Foster) was granted interlocutory review from the denial of its motion for judgment on the pleadings, based on the alleged failure of Coe and Payne Company (Coe) to initiate suit on a lien within the twelve-month period after the debt became due as provided by OCGA § 44-14-361.1. Appellant and its affiliate, Foster and Kleiser, Corporation are both wholly owned subsidiaries of Metromedia, Inc., which entered into a contract for the construction of an office and plant facility with S & G Planning and Construction Company. Coe, a flooring company, was a subcontractor for S & G. Its contract with S & G listed the property owner as Foster and Kleiser, Corporation, but in fact appellant was the actual owner. Coe

filed a lien listing appellant as the owner within three months from performance of the last work or the furnishing of the materials as required by OCGA § 44-14-361.1 (a) (2).

Prior to bringing an action on its lien, Coe's attorney inquired of the Secretary of State's office as to the correct corporate name for Foster and was told there was no "Foster and Kleiser, Inc." (as named in the lien), only a Foster and Kleiser, Corporation. Thus when suit was filed, the latter was named as defendant. When Coe subsequently a few months later examined the records in the Secretary of State's office and confirmed its error, it amended the complaint pursuant to OCGA § 9-11-15 (c) to name the correct defendant, the appellant. Although the original suit was filed within 12 months as required by the Code, the amendment was not offered until after the expiration of that time period.

Coe brought this action because its contractor S & G had been adjudicated a bankrupt. OCGA § 44-14-361.1 (a) (4) provides that where there has been an adjudication of bankruptcy the materialman need not sue his contractor, but the person furnishing the material may enforce the lien directly against the property in an action against the owner "if filed within 12 months from the time the lien becomes due." The twelve-month limitation for foreclosing the lien against the owner arises directly only where no judgment need be obtained against the contractor. *Adair Mtg. Co. v. Allied Concrete Enterprises*, 144 Ga. App. 354, 358 (241 SE2d 267) (1977), affirmed 241 Ga. 121 (243 SE2d 888) (1978). When the time limitation applies, failure to meet it results in dismissal of the case, *Dodson v. Earley*, 161 Ga. App. 666, 667 (1) (290 SE2d 105) (1982); the lien becomes "not . . . effective or enforceable." OCGA § 44-14-361.1 (a).

On the hearing of the motion for judgment on the pleadings and before this Court, Coe contends that the "relation back" provision of OCGA § 9-11-15 (c) insures that its amendment was timely and satisfies OCGA § 44-14-361.1. Foster's position is that because the lien statute must be strictly construed, suit against it was not commenced within 12 months as mandated by the Code. The trial court applied OCGA § 9-11-15 (c), found that Coe's amendment met the conditions of that section and denied Foster's motion for judgment on the pleadings.

The question presented is whether OCGA § 9-11-15 (c) (Rule 15) which permits amendments to relate back to the time of the original pleading is applicable to an action to enforce a lien under OCGA § 44-14-361.1 (Lien Law).

Rule 15's primary purpose is to ameliorate the impact of the statute of limitation, *Samples v. Barnes Group*, 175 Ga. App. 253, 255 (333 SE2d 147) (1985), but it is not confined only to those cases. *A. H. Robins Co. v. Sullivan*, 136 Ga. App. 533, 535 (221 SE2d 697)

(1975). It appears in a variety of contexts. See *Rothstein v. L. F. Still & Co.*, 181 Ga. App. 113, 116 (3) (351 SE2d 513) (1986); *Fujii v. Dulles*, 224 F2d 906 (9th Cir. 1955). As to bringing in a party after the running of the statute of limitation, it imposes certain conditions which must be met. *Dover Place Apts. v. A & M Plumbing &c. Co.*, 167 Ga. App. 732, 733 (307 SE2d 530) (1983); *Sam Finley, Inc. v. Interstate Fire Ins. Co.*, 135 Ga. App. 14, 15 (2) (217 SE2d 358) (1975); *Rich's v. Snyder*, 134 Ga. App. 889 (216 SE2d 648) (1975); *Thomas v. Home Credit Co.*, 133 Ga. App. 602, 606 (4) (211 SE2d 626) (1974). When they are fulfilled, the amendment adding or changing a party defendant relates back to the time of the original filing and the limitation defense falls. The Rule 15 relation-back feature has also been applied where a condition precedent to the suit has been omitted, such as notice to a municipality, lack of service of process, and allegations as to venue. *City of Atlanta v. Fuller*, 118 Ga. App. 563 (164 SE2d 364) (1968); *Middlebrooks v. Daniels*, 129 Ga. App. 790 (201 SE2d 338) (1973); *Leniston v. Bonfiglio*, 138 Ga. App. 151 (226 SE2d 1) (1976).

The Lien Law, being a creature of statute and in derogation of the common law, must be strictly construed. *White v. Aiken*, 197 Ga. 29, 33 (28 SE2d 263) (1943). *Jackson's Mill & Lumber Co. v. Holliday*, 108 Ga. App. 663, 664 (5) (134 SE2d 563) (1963). Imperative to the enforcement of a lien are two requirements: 1) plaintiff must have filed for record his claim of lien within three months after the materials were furnished, and 2) an action for recovery of the claim must be commenced within twelve months from the time it becomes due. *Allied Asphalt Co. v. Cumbie*, 134 Ga. App. 960, 961 (1) (216 SE2d 659) (1975). Commencement means more than mere filing of the action. *Ferguson v. New Manchester Mfg. Co.*, 51 Ga. 609 (1874). There must also be service upon the proper defendant, *Cherry v. North & South R.*, 65 Ga. 634 (1) (1880), and the correct debtor (the one for whom the work was performed or the materials furnished) must be sued. *Ben Hill Ready Mix &c. v. Prather*, 160 Ga. App. 149, 150 (1) (286 SE2d 481) (1981).

The necessity of suit being brought within twelve months has been stressed in numerous cases. See, e.g., *Young v. Landers*, 31 Ga. App. 59 (119 SE 464) (1923); *David v. Marbut-Williams Lumber Co.*, 32 Ga. App. 157 (1) (122 SE 906) (1924); *McCluskey v. Still*, 32 Ga. App. 641 (1 & 3) (124 SE 548) (1914); *Jordan Co. v. Adkins*, 105 Ga. App. 157 (1) (123 SE2d 731) (1961); *Newton Lumber &c. v. Crumbley*, 161 Ga. App. 741 (1) (290 SE2d 114) (1982). An excellent exposition of the prerequisites is found in *Chamlee Lumber Co. v. Crichton*, 136 Ga. 391 (71 SE 673) (1911), and repeated in *Kwilecki v. Young*, 180 Ga. 602, 606 (180 SE 137) (1935): "The lien comes into potential existence only when the statute is satisfied. Its vitality as an enforcea-

ble lien depends upon the concurrence in fact of three things, viz., the furnishing of the materials, the record of the claim of lien within three months, and the institution of foreclosure suit in twelve months; if there is a failure in either, the lien is inoperative."

The requirement of filing within twelve months is more than a statute of limitation. In a case dealing with this time requirement, *Lee v. Stokes*, 135 Ga. App. 642, 644 (218 SE2d 654) (1975), this Court held, quoting from *Gulden v. Berman*, 82 Ga. App. 580, 581 (61 SE2d 692) (1950): "A statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitation. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits."

In *Chamlee Lumber Co. v. Crichton*, supra, our Supreme Court determined whether what is now OCGA § 9-2-61, which permits the refiling of a suit within six months of its dismissal even though the statute of limitations intervened, could function in a lien case. The court found the code section inapposite based upon the reasoning that: " 'The proviso to this act is a condition precedent upon which the suit must be brought; the right of action is given provided the same is brought within twelve months from the time the same accrued. If the same be not brought within twelve months, then there is no right of action under this statute. . . .' Adhering to the rule of strict construction, we interpret the statute to mean, that, in creating the lien, the statute demanded as one of its constituent elements that suit to foreclose be begun within twelve months from the maturity of the claim; and this requirement appertains not merely to the remedy, but constitutes one of the essential things which enter into the creation of the lien." Accord *G & B Contractors v. Coronet Developers*, 134 Ga. App. 916 (216 SE2d 705) (1975).

It is clear then that commencing suit within twelve months is a vital element of plaintiff's cause of action. Unlike the statute of limitations which serves to cut off or defeat one's remedy, this time period is an integral and inherent ingredient of the cause. See *Hancor, Inc. v. Fleming Farms*, 155 Ga. App. 579, 580 (271 SE2d 712) (1980). Rule 15 is inapplicable because it cannot operate to revive a lien which expires by definition by the passage of time. Relation back cannot revive a non-existent cause of action.

We recognize that in *Linco Constr. Co. v. Tri-City Concrete*, 161 Ga. App. 174, 175 (1) (288 SE2d 125) (1982), cited by Coe, this Court permitted amendments to a lien claim but the twelve-month limit was not involved. In *J. H. Morris Bldg. Supplies v. Brown*, 245 Ga. 178 (264 SE2d 9) (1980), the Supreme Court noted the distinction between critical requirements, such as the time limitation, and other

requirements the lack of which do not render the lien ineffective. Closer to the present situation and more persuasive to the issue here is *Coley Elec. Supply v. Colonial Eggs of Alma*, 165 Ga. App. 108, 109 (299 SE2d 165) (1983). There plaintiff brought suit on its lien against Colonial Eggs as the real estate owner but, by amendment after 12 months had expired, sought to add the development authority, discovered to be the actual owner of the property. The Court found the amendment untimely and reasoned: "The initiation of the action against the development authority was not the substitution or change of a party, but was the addition of another defendant to the action, [and] therefore, the initiation of the action against the development authority must be viewed as occurring at the time the development authority was added as a party defendant and not as relating back to the time of the original complaint." Here, as there, a different party is alleged to be the true owner. There was no lien against any property of the only defendant sued within the life of the lien.

Our study of the cases and examination of the pertinent policy considerations lead to the conclusion that Rule 15 (c) does not elasticize the Lien Law. An excellent summary of the Lien Law's function is found in *Amafra Enterprises v. All-Steel Bldgs., Inc.*, 169 Ga. App. 388, 389 (313 SE2d 110) (1984): "The evident purpose of the statutory provision in question was not so much to provide the landowner notice of the pendency of the suit as to provide potential purchasers of the property such constructive notice as would enable them to determine whether the claim of lien, which would exist for only 12 months absent the filing of a suit to collect the underlying indebtedness within that period, was or was not still extant."

Freedom of conveyancing of real property is the desired goal in land law, as illustrated by the fact that impediments are referred to as "clouds on the title." The legislature has created a very particular extra remedy for certain persons and entities which perform work on, or provide materials for, the property. OCGA § 44-14-361 (a) (2). It did not provide in the Lien Law that this remedy, which by character is limited in time, could be made larger than its character described. Nor did the legislature provide that the Civil Practice Act's relation back allowance would apply to the special creature fashioned in the Lien Law. OCGA § 9-11-15 (c). Allowing an amendment changing the defendant to relate back so as to accommodate the erring lienor and correct its mistake would frustrate the concept of free conveyancing. After the twelve-month period prospective purchasers who would conclude after search that title was clear could not be so assured, because they could find later that the land was actually encumbered through a third-party's resort to a relation back in pleadings. This alteration of the statutory cutoff time would impose an encumbrance on conveyancing by creating uncertainty in title examination.

The trial court erred in denying defendant's motion for judgment on the pleadings.

*Judgment reversed. McMurray, P. J., and Sognier, J., concur.*

DECIDED DECEMBER 1, 1987 —
REHEARING DENIED DECEMBER 15, 1987 —

*Stanley E. Foster*, for appellant.
*D. Michael Sweetnam, Eugene R. Simons*, for appellee.