### 45371. COE & PAYNE COMPANY v. FOSTER & KLEISER, INC.
(366 SE2d 292)

WELTNER, Justice.

Coe & Payne Company, a subcontractor, furnished labor and materials for improvements to real property owned by Foster & Kleiser, Inc. The general contractor subsequently was adjudicated a bankrupt. Within three months after completion of the work, Coe & Payne Company filed a lien against real property of Foster & Kleiser, Inc.

Within twelve months after the debt became due, Coe & Payne filed an action to foreclose its lien. By error, the foreclosure action was filed against Foster & Kleiser, Corp., not Foster & Kleiser, Inc. Upon discovering its error, and *after* the twelve month's statutory period expired, Coe & Payne moved to amend its complaint under the provisions of OCGA § 9-11-15 by substituting as defendant Foster & Kleiser, Inc., for Foster & Kleiser, Corp. The trial court allowed the amendment. Foster & Kleiser, Inc., then moved for judgment on the pleadings on the ground that no action to foreclose the lien had been initiated against it (i.e., Foster & Kleiser, Inc.) within the twelve-month period provided by OCGA § 44-14-361.1. The motion was denied, an appeal was taken to the Court of Appeals, and that court reversed. *Foster & Kleiser, Inc. v . Coe & Payne Co.,* 185 Ga. App. 284 (363 SE2d 818) (1987). We granted certiorari to consider whether OCGA § 9-11-15 (c), permitting amendments to "relate back" to the original filing, applies to actions to foreclose liens.

1. OCGA § 9-11-15 (c) provides in part:

> An amendment changing the party against whom a claim is asserted relates back to the date of the original pleading if the foregoing provisions are satisfied, and if within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

2. It is plain that all the conditions of the code section were satis-

fied. The lien was filed against the proper party, Foster & Kleiser, Inc.; the same attorney represented both corporations; both corporations were owned by the same parent company; both corporations were listed with the Secretary of State with the same home office address in New Jersey; both corporations had the same agent for service; the same person served as vice-president for both corporations; and both corporations occupy the same local address in Atlanta.

3. OCGA § 9-11-2 provides: "There shall be one form of action, to be known as 'civil action.'"

OCGA § 9-2-1 provides, in part, as follows: "As used in this title, the term: (1) 'Action' means the judicial means of enforcing a right. (2) 'Civil action' means an action founded on private rights, arising either from contract or tort."[1]

An action to foreclose a lien clearly comes within this definition of "civil action," and is subject to amendment under the terms of OCGA § 9-11-15 (c).

*Judgment reversed. All the Justices concur, except Marshall, C. J., and Clarke, P. J., who dissent.*

DECIDED APRIL 7, 1988.

*Grizzard, Simons & Martin, Steven J. Martin, D. Michael Sweetnam,* for appellant.
*Arrington & Horne, Stanley E. Foster,* for appellee.

---

[1] The Court of Appeals has ruled that a party may be brought into a pending action by amendment, even though the statute of limitations has run as to that party. A subcontractor brought an action against a contractor for money due the subcontractor by reason of work performed under contract. The subcontractor was allowed to amend to bring in as an *additional* defendant (the surety on a labor and material payment bond), though the bond provided that no action could be commenced by any party after a period of one year from the date the principal ceased work on the contract, and the subcontractor's amendment was filed more than a year from the date on which the contractor ceased work. *Sam Finley, Inc. v. Interstate Fire Ins. Co.,* 135 Ga. App. 14 (217 SE2d 358) (1975).