A90A0851. WILLIAMSCRAFT DEVELOPMENT, INC. et al. v. VULCAN MATERIALS COMPANY.
(397 SE2d 122)

POPE, Judge.

Plaintiff Vulcan Materials Company brought this action to foreclose on a lien filed against property owned by defendant Williamscraft Development, Inc. The lien covered materials delivered to a construction contractor hired by defendant to make improvements to defendant's property. Pursuant to OCGA § 44-14-361.1 (a) (2), such a lien must be filed within three months after the material was furnished. Plaintiff's claim of lien was filed November 13, 1985. Defendant presented evidence that the materials at issue in the case were never delivered to the job site owned by defendant, or, at least, were delivered on or before August 1, 1985. Thus, according to defendant, the claim of lien was untimely filed and the trial court erred in entering judgment in favor of plaintiff.

1. Plaintiff presented the testimony of the owner of an independent trucking company which delivered materials from plaintiff's place of business to defendant's job site on behalf of the contractor and the testimony of the former job site supervisor for the contractor. The owner of the independent trucking company identified the signa-

ture of her employees on three invoices indicating the drivers had picked up the materials to deliver to defendant's job site. These invoices were admitted without objection under the business records exception to the hearsay rule. An additional copy of one of the invoices was presented which bore the signature of defendant's job site supervisor indicating receipt of the shipment represented by that invoice. Although defendant challenged the authenticity and admissibility of this copy of the invoice, the owner of the independent trucking company testified it was a true and correct copy made from her own business records. She testified the original could not be found and the copy was properly admitted as secondary evidence of the defendant's acknowledgment of receipt of that shipment. Although defendant's supervisor could not testify from independent recollection that the materials were delivered to defendant's job site on August 14, he testified that pursuant to their regular business practices, the invoice would not have been signed by him unless the delivery was actually made on the day he signed the invoice. Thus, in reliance on the invoice, he swore positively that the materials were delivered on August 14. See OCGA § 24-9-69; *Elliott v. Ga. Power Co.,* 58 Ga. App. 151, 157-158 (197 SE 914) (1938). Such testimony based on the invoices was admissible as evidence that the materials were delivered on August 14, in which case the claim of lien was timely filed. The invoices showing the materials were shipped to the contractor for use at defendant's job site created a rebuttable presumption that materials were received and used by the contractor for the benefit of defendant. See *Bankston v. Smith,* 236 Ga. 92 (222 SE2d 375) (1976); *Horne-Wilson, Inc. v. Smith,* 109 Ga. App. 676 (1b) (137 SE2d 356) (1964). Thus, we reject defendant's assertion that plaintiff presented no proof that materials were delivered August 14.

2. In rebuttal of the evidence showing the materials were delivered on August 14, defendant presented the testimony of its owner that after August 1, 1985, the contractor was not involved in any work on the job site that would have required the materials in question. Evidence was presented that the independent trucking company delivered materials supplied by plaintiff to other projects and job sites run by the defendant. Thus, defendant attempted to impeach the evidence that the materials in question were delivered to the property identified in the claim of lien. Although conflicting evidence was presented on this issue, we cannot hold that the trial court, acting as the trier of fact, erred in granting judgment to the plaintiff. Under the any evidence rule, a verdict may be set aside only if it is wholly without support, but where, as here, the evidence is in conflict and there is evidence to support it, this court must affirm. *Hester v. Baker,* 180 Ga. App. 627, 631 (6) (349 SE2d 834) (1986). "Our responsibility on appeal is not to weigh the evidence and give a de novo

opinion on where the greater weight of the evidence lies but merely to determine if there is sufficient evidence to authorize the trial court's judgment. [Cit.] In making this determination, it is our duty to construe the evidence to uphold the verdict instead of upsetting it. [Cits.] Our review of the evidence gives no cause to overturn the verdict and judgment. [Cit.]" *Williams v. Runion*, 173 Ga. App. 54, 59 (325 SE2d 441) (1984).

3. Plaintiff filed a motion with this court, pursuant to OCGA § 5-6-6, for an order imposing sanctions against defendant because, plaintiff argues, defendant filed this appeal solely for the purpose of delay. Defendant enumerated two errors on appeal. First, defendant argues no admissible proof was offered to show the materials were delivered to this particular job site within the three-month period prior to plaintiff's filing its claim of lien. However, the only opinion cited as authority in defendant's brief is *Horne-Wilson v. Smith*, supra, which establishes that an invoice showing materials were shipped to a subcontractor for use at a job site is evidence and, in fact, creates a rebuttable presumption, in absence of evidence to the contrary, that the materials were received. Such invoices were presented in evidence at the trial of this case. Consequently, according to the authority cited by defendant itself, the argument that no proof was presented on the issue of delivery and receipt of the materials is insupportable. Defendant's remaining enumeration of error is that the trial court erred in entering judgment in favor of plaintiff because the preponderance of evidence shows the materials were not delivered to the job site identified on the invoices. However, under the long-established any evidence rule, this court must construe the evidence in the light most favorable to the verdict. This court cannot substitute its judgment on credibility of the witnesses or weight of the evidence for that of the trier of fact. "It does not appear that there was any valid reason for the [defendant] to anticipate reversal of the superior court's judgment, and, consequently, we must conclude that the appeal to this court was for the purpose of delay only." *Hanover Ins. Co. v. Scruggs Co.*, 162 Ga. App. 640, 641 (292 SE2d 493) (1982). Plaintiff is thus awarded an additional ten percent damages pursuant to OCGA § 5-6-6.

*Judgment affirmed with damages. Deen, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 4, 1990.

*Fierman & Noland, Martin L. Fierman,* for appellants.
*Bryant, Davis & Cowden, James W. Hays, Jay G. Davis,* for ap-

pellee.