A90A0767. L & W SUPPLY CORPORATION v. WHALEY
CONSTRUCTION COMPANY, INC.
(399 SE2d 272)

BEASLEY, Judge.

Defendant Whaley Construction Company, a general contractor, subcontracted with defendants Drury and Swain d/b/a Southeastern Custom Services to install sheetrock on two separate construction projects. Southeastern purchased its sheetrock materials on an open account from plaintiff, a building materials supplier. When Southeastern failed to pay plaintiff for the materials, plaintiff filed a claim of lien against the real property of both projects pursuant to OCGA § 44-14-361 et seq. Whaley filed discharge bonds, releasing the real property from the liens as provided by OCGA § 44-14-364.

Plaintiff subsequently sued to recover on the bonds. Whaley answered, cross-claimed, and moved for summary judgment. It contended, in part, that the liens were insufficient as a matter of law because they failed to specify the date the claims became due as required by OCGA § 44-14-361.1. It provides the procedure for creating and declaring those liens specified in OCGA § 44-14-361. The trial

court granted Whaley's motion, and plaintiff appeals.[1]

Mechanics' and materialmen's liens under OCGA § 44-14-361 are in derogation of common law and thus are to be strictly construed against the mechanic and materialman. See, e.g., *Pacific Southern Mtg. Trust v. Melton*, 151 Ga. App. 593, 594 (260 SE2d 910) (1979). Although as a general proposition strict compliance with the statute is required, *Roberts v. Porter, Davis &c.*, 193 Ga. App. 898, 902 (3) (389 SE2d 361) (1989), the statute itself expressly provides for "substantial compliance" with the underlying contract and the providing of certain information in the claim "in substance." OCGA § 44-14-361.1 (a).

As to the form of the claim, which is what we are solely dealing with here, the statute sets out what it shall be "in substance." OCGA § 44-14-361.1 (a) (2). The filed document is to identify the claim by specifying, for one thing, the date upon which the claim became due.

By stating in the forms that the "last day . . . material [was] delivered was [August ,16, 1988 and September 21, 1988 respectively]," rather than that "the claim was due" on the said date in each case, the lienholder did not lose its right to enforce the liens against the property owners. What it stated was the same thing as what is required.

There are two critical dates for the enforcement of mechanics' liens. One is that the claim of lien must be filed within three months after, as it relates to this case, "the material . . . is furnished." OCGA § 44-14-361.1 (a) (2). The other is that an action for recovery of the amount of the claim must be commenced within 12 months from "the time the [claim] shall become due." OCGA § 44-14-361.1 (a) (3). *Foster & Kleiser v. Coe & Payne Co.*, 185 Ga. App. 284, 286 (363 SE2d 818) (1987), rev'd on other grounds, 258 Ga. 161 (366 SE2d 292) (1988); *Allied Asphalt Co. v. Cumbie*, 134 Ga. App. 960, 961 (1) (216 SE2d 659) (1975). In both instances, the date from which the measurements are made is the same. That was recognized long ago: "The lien comes into potential existence only when the statute is satisfied. Its vitality as an enforceable lien depends upon the concurrence in fact of three things, viz., the furnishing of the materials, the record of the claim of lien within three months, and the institution of foreclosure suit in twelve months; if there is a failure in either, the lien is inoperative." *Chamlee Lumber Co. v. Crichton*, 136 Ga. 391, 393 (71 SE 673) (1911).

As recognized in *Dixie Lime &c. Co. v. Ryder Truck Rental*, 140 Ga. App. 188, 189 (1) (230 SE2d 322) (1976): "Generally, the account becomes due 'upon the delivery of the last item constituting a part of the . . . account.' [Cit.]" In other words, the supplier *did* specify the

---

[1] A default judgment was entered against defendants Swain and Drury.

date the claim was due; it was by its statement the last date material was delivered. The date specified was, for legal purposes, the equivalent of the due date.

The phrases have been used fairly interchangeably. For instance, the 12-month requirement of subsection (a) (3) "from the time the [claim] shall become due" is referred to in subsection (a) (4) as "12 months from the date such . . . supplies . . . are furnished to [the contractor or subcontractor]. . . ." Another example is that the title of the act amending subsection (a) (3) in 1968 recites that it is to provide that lien enforcement "shall be brought within twelve (12) months from the time such . . . supplies were furnished," whereas the content of the change recites that lien actions are to be filed "within 12 months from the time the same shall become due, . . ." A third illustration is *Dodson v. Earley*, 161 Ga. App. 666, 667 (1) (290 SE2d 105) (1982): February 1 was the last day on which labor and materials were furnished. That date a year hence was therefore, the court concluded, the last date on which suit could be brought because that was the date on which the claim became due.

The date the material was "furnished" or "delivered" is crucial to the timeliness of the lien. See *Williamscraft Dev. v. Vulcan Materials Co.,* 196 Ga. App. 703 (397 SE2d 122) (1990). The date the claim is due means the same thing for mechanics' lien purposes, even if the parties agree on a different due date. *Dixie Lime &c. Co.,* supra at 190. The latter is of no consequence in determining the validity of the lien.

Most telling is an analysis of the language of the statute. A reading of subsection (a) shows that "the date the claim was due" is the comprehensive term used to cover all of the events which will trigger the lien for the various types of purveyors who can claim this statutory lien. Subsection (a) (1) sets out the types of activities covered, and subsection (a) (2) specifies the date in the various categories from which timeliness of filing is to be measured. For "building, repairing, or improving" real property, the lien arises on the date of "the completion of the work"; for "architectural services" it arises on the date of the "furnishing" thereof; for land surveying or professional engineering services it arises on the date of the "furnishing or performing" of such; for materials or machinery it arises on the date the material or machinery is "furnished." Then, in setting out the form to be followed "in substance," the Code draws all of these types of events together under the umbrella of "the date the claim was due."

The Supreme Court has held that if the lien is filed on time and the action is commenced on time, it is still effective against the property owner despite the lienholder's failure to specify the amount or due date in the lien claim. *J. H. Morris Bldg. Supplies v. Brown*, 245 Ga. 178 (264 SE2d 9) (1980). This holding is not adversely affected by

the subsequent change in the statute in 1983 (Ga. L. 1983, p. 1450) insofar as property owners are concerned. The change simply deleted the caveat that if the claim of lien did not specify the amount and due date it would not constitute notice for any purpose. The Supreme Court had carved out from this death knell and saved lien claims but only as against property owners under certain conditions. The removal of the caveat in 1983 left the principle of strict construction, tempered by the statute's "in substance" standard, to govern the efficacy of lien claims and their enforceability.

Supplier L & W Supply Corporation's stating the specific rather than the generic did not deviate from the requirements of the Code so as to render its lien claim defective and unenforceable. The supplier complied with the requirements for valid liens when it stated the date materials were last delivered to each project. Defendant Whaley was not entitled to summary judgment.

*Judgment reversed. Carley, C. J., Deen, P. J., McMurray, P. J., Birdsong and Cooper, JJ., concur. Sognier, J., concurs in the judgment only. Banke, P. J., and Pope, J., dissent.*

Pope, Judge, dissenting.

I respectfully dissent. Although the majority recognizes that the governing statute requires the claim of lien to *specify* the date the claim became due (as well as the amount of the claim), the majority nevertheless finds that substantial compliance with this provision is all that is necessary to render the lien enforceable. With this result I cannot agree.

OCGA § 44-14-361.1 provides in pertinent part as follows: "To make good the liens specified in paragraphs (1) through (8) of subsection (a) of Code Section 41-14-361, they must be created and declared in accordance with the following provisions, *and on failure of any of them the lien shall be not be effective or enforceable. . . .*" Subsection (a) (2) of that section requires that the claim of lien specify both the amount of the claim and the date the claim became due. As I read the statute there can be but one result — if the materialman or mechanic fails to specify the date the claim became due, (or fails to follow any of the statutory mandates for creating and declaring liens of this type), the lien is unenforceable. Consequently, I disagree that a materialman seeking the protection afforded by OCGA § 44-14-361 need only substantially comply with that section by stating when the services or materials were furnished.

The majority cites the case of *J. H. Morris Bldg. Supplies v. Brown*, 245 Ga. 178 (264 SE2d 9) (1980) in support of its conclusion. In that case, the Georgia Supreme Court, construing the predecessor to OCGA § 44-14-361.1 (Ga. Code Ann. § 67-2002), held that "the lien is rendered ineffective against the property owner only in the event

that there is not a substantial compliance by the party claiming the lien with his contract; or that the claim of lien is not filed for record within three months after the completion of the work or furnishing of material; or that the action for recovery of the amount of claim of lien is not commenced within 12 months from the time the claim became due. *The failure to specify in the claim of lien the amount claimed due and the date the claim became due does 'result in such lien not constituting notice for any purpose,' but this does not render the lien ineffective.*" (Emphasis supplied.) Id. at 178-179. *Morris* was decided in 1980. In 1983 the provisions of the Code relating to the filing of materialmen's and mechanics' liens were amended. At that time the legislature deleted the language relied on by the court in *Morris* concerning the failure of a claim of lien which omits the amount of the claim or the date the claim became due to constitute notice for any purpose. Ga. L. 1983, p. 1450, § 1. Consequently, I believe the holding in *Morris* is inapplicable to cases involving claims of liens filed after the 1983 amendment. OCGA § 44-14-361.1 (a) as presently drafted clearly provides that those liens specified in OCGA § 44-14-361 "must be created and declared in accordance with the . . . provisions [of 44-14-361.1], and on failure of *any* of them the lien shall not be effective or enforceable." "The lien statutes are strictly construed and strict compliance with them is required. [Cit.]" *Roberts v. Porter, Davis &c.*, 193 Ga. App. 898, 902 (389 SE2d 361) (1989). Thus I would uphold the grant of summary judgment to defendant Whaley inasmuch as I believe the claim of lien in this case is ineffective and unenforceable because it does not comply with the requirements of OCGA § 44-14-361.1.

I am authorized to state that Presiding Judge Banke joins in this dissent.

DECIDED NOVEMBER 21, 1990.

*Stein & Cauthen, Robert H. Cauthen*, for appellant.
*Dickey, Whelchel, Brown & Readdick, J. Thomas Whelchel*, for appellee.