## A90A1938. CC & B INDUSTRIES, INC. v. STROUD.
(402 SE2d 527)

Carley, Judge.

Appellant-Subcontractor brought the instant action to foreclose its lien on the real property of appellee-Owner. The trial court, sitting without a jury, found in favor of the Owner and the Subcontractor appeals.

1. The Subcontractor enumerates the general grounds, urging that the evidence did not authorize a finding in favor of the Owner.

The Owner relied upon OCGA § 44-14-361.2, which provides for the dissolution of the lien upon the securing of the contractor's sworn written statement that the agreed price or reasonable value of the labor, services, or materials have been paid. This statute contemplates a *single* affidavit that the agreed price or reasonable value of *all* the labor, services, or materials employed in the *completed* project have been paid and not, as the Owner contends, *periodic* affidavits that the agreed price or reasonable value of *some* of the labor, services, or materials employed to date in the *ongoing* project have been paid. *Massachusetts Bonding & Ins. Co. v. Realty Trust Co.*, 142 Ga. 499, 503 (2) (83 SE 210) (1914). See also *Star Mfg. v. Edenfield*, 191 Ga. App. 665 (2) (382 SE2d 706) (1989); *Short & Paulk Supply Co. v. Dykes*, 120 Ga. App. 639, 641 (1) (171 SE2d 782) (1969). The Owner produced no affidavit which would satisfy the requirements of OCGA § 44-14-361.2 and it follows that there was no dissolution of the Subcontractor's lien pursuant to that statutory provision.

2. OCGA § 44-14-361.1 (a) (3) requires that the lienholder commence an action to recover the amount of his claim within 12 months from the time it became due. Contrary to the Owner's contentions, the evidence of record demonstrates the Subcontractor's compliance with this requirement. See *Coe & Payne Co. v. Foster & Kleiser*, 258 Ga. 161 (366 SE2d 292) (1988).

3. The record demonstrates no evidence which would authorize the trial court to find against the Subcontractor and in favor of the Owner. It follows that the judgment is erroneous and must be reversed.

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

ON MOTION FOR REHEARING.

Contrary to the construction that is advanced by the owner, subsection (a) (2) of OCGA § 44-14-361.2 does not provide for the dissolution of a lien upon the securing of a *periodic* affidavit that the agreed price or reasonable value of *some* of the labor, services, or materials employed to date in the *ongoing* project have been paid. OCGA § 44-14-361.2 (a) (2) (A) provides *who* can give the affidavit and OCGA § 44-14-361.2 (a) (2) (B) provides *when* the affidavit can be given. Nothing in that Code section supports the proposition that the holding in *Massachusetts Bonding & Ins. Co. v. Realty Trust Co.*, 142 Ga. 499, 503 (2) (83 SE 210) (1914) that was relied upon in our original decision has been legislatively superseded.

*Motion for rehearing denied.*

DECIDED FEBRUARY 8, 1991 —
REHEARING DENIED FEBRUARY 22, 1991 —

*Hatcher, Irvin & Pressley, Henry M. Hatcher, Jr.*, for appellant.
*Campbell & Dreger, Richard J. Dreger*, for appellee.