A99A1612. SCHWAB U.S.A., INC. et al. v. PERPETUAL MACHINE COMPANY.

(525 SE2d 719)

MILLER, Judge.

Perpetual Machine Company manufactured, assembled, and shipped carpet equipment for customers of Schwab U.S.A., Inc. ("Schwab-USA"). Because Perpetual Machine was not receiving payments, it met with representatives of Schwab Maschinenbau GmbH & Company ("Schwab-Germany") and Schwab-USA and reached an oral settlement agreement, which provided that Perpetual Machine would reduce the indebtedness to $450,000 and forfeit all accrued and future interest. Perpetual Machine received only $22,000, paid from an account naming Schwab-USA as the account holder. Schwab-Germany refused to pay any amount to Perpetual Machine, pointing to Schwab-USA as a separate entity owing the entire amount.

Perpetual Machine sued Schwab-Germany and Schwab-USA. Following a bench trial, the trial court found that both Schwab-Germany and Schwab-USA entered into the settlement agreement with Perpetual Machine. Schwab-Germany and Schwab-USA appeal and request that judgment be entered in favor of Schwab-Germany. Because there is evidence supporting the trial court's findings, we affirm.

1. Schwab-Germany argues that because there is no writing, its alleged oral guaranty of Schwab-USA's debt would have been a promise to pay for the debt of another and therefore unenforceable under the Statute of Frauds.[1] Schwab-Germany further denies that it agreed to pay or guarantee any Schwab-USA debt.

*B. J. Howard Corp. v. Skinner, Wilson & Strickland*[2] explained that not all guaranties of others' debts fall within the Statute of Frauds:

> For a promise to pay the debt of another to be within the Statute of Frauds it must be one which is collateral or secondary and is merely superadded to that of another. A promise to pay the debt of another which is an original undertaking by which the promisor becomes primarily liable is not within

[1] See OCGA § 13-5-30.
[2] 172 Ga. App. 180 (1) (322 SE2d 306) (1984).

the Statute of Frauds. If the agreement of the third party guarantor is an original undertaking[,] that is, one furthering his own interests rather than underwriting the debt of another, it is not within the Statute of Frauds. Whether a promise to assume the debt of another is an original undertaking or a collateral one is a question of intent and whether the parties meant for the promisor to stand in the place of the third party.[3]

Finding that Schwab-Germany from the onset contracted with Perpetual Machine and that the subsequent settlement agreement was an original undertaking by Schwab-Germany, the trial court concluded that the settlement agreement was not within the Statute of Frauds. Where there is any evidence to sustain the trial court's findings, an appellate court will not disturb them.[4]

Perpetual Machine presented testimony that it had always dealt with Schwab-Germany and that Schwab-USA was a "sales agency" for Schwab-Germany. Perpetual Machine produced a written agreement, dated June 23, 1993, wherein "[Schwab-Germany], located in Oettingen/Bayern, Germany represented by the US subsidiary [Schwab-USA] located in Dalton, GA" agreed to cooperate with Perpetual Machine, also located in Dalton. This agreement further provided that Schwab-USA would introduce and market the carpet equipment.

Assurances from Schwab-Germany's vice-president evidenced Schwab-Germany's indebtedness to Perpetual Machine. Wolfgang Schwab, Schwab-Germany's president and chief executive officer, and Anton Wanner, Schwab-Germany's vice-president, participated in the settlement negotiations that resulted in Perpetual Machine's agreeing to continue to support and cooperate with Schwab-Germany and also to withdraw all lawsuits against Schwab-Germany. After the settlement meeting, Wanner sent a letter to Perpetual Machine's president confirming that "we will find a way to pay back the open account to Perpetual Machine." A second letter from Wanner a few weeks later discussed Schwab-Germany's plan to minimize the costs of the "US-Operation" so that the savings "can start to pay Perpetual."

Evidence showed that Perpetual Machine originally contracted with Schwab-Germany and that the settlement agreement reduced Schwab-Germany's own debt. In addition, pursuant to the settlement agreement, Schwab-Germany continued to receive Perpetual Ma-

---

[3] (Citations and punctuation omitted.) Id. at 180-181 (1).
[4] *Williamscraft Dev. v. Vulcan Materials Co.*, 196 Ga. App. 703, 704 (2) (397 SE2d 122) (1990).

chine's support. Because some evidence supported the trial court's finding that the settlement agreement furthered Schwab-Germany's own interests, we affirm the trial court's judgment.

2. The ruling in Division 1 renders the remaining enumeration moot.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 18, 1999.

*R. Leslie Waycaster, Jr.*, for appellants.
*Kinney, Kemp, Sponcler, Joiner & Tharpe, L. Hugh Kemp*, for appellee.