A07A1699. CENTRAL ATLANTA TRACTOR SALES, INC.
v. ATHENA DEVELOPMENT, LLC et al.
(657 SE2d 290)

MIKELL, Judge.

Central Atlanta Tractor Sales, Inc. ("CATS") sued Athena Development, LLC a/k/a Athena Development Group, LLC ("Athena") and Accredited Surety & Casualty Company, Inc. a/k/a Accredited Surety and Casualty, Inc. ("Accredited Surety"), to recover on the bond which discharged CATS's lien on Athena's real property. The trial court granted Athena's and Accredited Surety's motion for summary judgment, and CATS appeals. We affirm because CATS could not recover on the bond in view of CATS's failure to preserve its lien rights.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the

evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

So viewed, the evidence shows that in 2003, Athena, as owner, entered into an agreement with West Georgia Excavation, Inc. ("WGE"), as contractor, to perform construction work on The Summit at Lost Mountain Project in Powder Springs. CATS supplied equipment to WGE, which WGE employed in its work on the project. WGE did no work on the project on or after February 16, 2004, which was the date WGE returned the last piece of CATS's equipment. As averred by CATS's vice-president, amounts owed by WGE to CATS for the use of the equipment became due on February 18, 2004, after the equipment was inspected.

On March 12, 2004, CATS filed a claim of lien against the project in the amount of $101,090.75 on account of equipment furnished at the instance of WGE. CATS sued WGE on February 16, 2005, to recover on the claim. On or about July 28, 2005, Athena, as principal, and Accredited Surety, as surety, provided a bond in accordance with OCGA § 44-14-364 to discharge CATS's lien on the project. After obtaining a default judgment against WGE, CATS filed this suit on April 26, 2006, to recover on the bond.

If a lien release bond is properly obtained and recorded under OCGA § 44-14-364, "the bond stands in the place of the real property as security for the lien claimant."[2] Thus,

> the principal and the surety on the bond are entitled to raise any defense that would have been available as a defense to the lien foreclosure. This ruling means that the lien claimant must first seek to recover monies owed from the contractor, the party with whom it has a contract, before seeking to recover from the property owner, with whom the supplier has no contractual relationship.[3]

At issue is whether CATS pursued its claim in a timely fashion against its contractor, WGE, by "commenc[ing] an action against the contractor to recover the amount of the claim within 12 months of when the claim became due."[4] CATS contends that its February 16, 2005 action was timely because its claim against WGE became due on

---

[1] (Citations omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[2] (Citations and punctuation omitted.) *Sierra Craft, Inc. v. T. D. Farrell Constr.*, 282 Ga. App. 377, 383 (3) (638 SE2d 815) (2006).

[3] (Footnote omitted.) *Few v. Capitol Materials*, 274 Ga. 784, 786 (1) (559 SE2d 429) (2002).

[4] (Footnote omitted.) Id. at 784-785 (1).

February 18, 2004, the date CATS inspected its equipment for damage. Athena and Accredited Surety argue that CATS's action was untimely because the lien law does not allow for an inspection period in determining the due date of CATS's claim. We agree with Athena and Accredited Surety.

OCGA § 44-14-361.1 (a) (3) provides that in order for a lien to be valid the claimant must commence "an action for the recovery of the amount of the party's claim within 12 months from the time the same shall become due."[5] As a rule, the 12-month period contemplated by OCGA § 44-14-361.1 (a) (3) begins on the date that the last materials were furnished.[6] CATS contends that it did not supply materials but supplied equipment under a rental agreement. CATS argues that sums due under a rental contract cannot be determined until the equipment is returned and inspected for damage whereas the amount due a supplier of materials is known when the material is unloaded. Therefore, CATS maintains, its claim against WGE was not due for purposes of OCGA § 44-14-361.1 (a) (3) until the date of inspection. Keeping in mind that "[t]he intent of OCGA § 44-14-361.1 as to timely filing of liens is to establish a time certain beyond which liens cannot be filed, for the protection of the contracting parties and innocent third parties,"[7] and that the statute "is to be strictly construed against the materialman,"[8] we disagree with CATS for three reasons.

First, although CATS claims it should be treated differently than a material supplier because it supplied equipment, CATS was a material supplier for purposes of the lien law. OCGA § 44-14-360 (3) defines "materials" to include "equipment used in making improvements to the real estate, to the extent of the reasonable value or the contracted rental price, whichever is greater." The lien provided by OCGA § 44-14-361 (a) arises as to "property for which [the lien claimants] furnish labor, services, or materials." It follows that CATS was required to furnish its equipment for the improvement of the project in order for its lien to arise. After the equipment had been returned to CATS and was awaiting inspection, the equipment was not being furnished for the improvement of the project.[9]

---

[5] For this purpose, "the requirement of the statute as to the time within which the 'action' shall be commenced relates to the action in personam against the contractor, and not to the action against the owner of the real estate." (Citation omitted.) *Southern R. Co. v. Crawford & Slaten Co.*, 178 Ga. 450, 451 (173 SE 91) (1934).

[6] *Dixie Lime & Stone Co. v. Ryder Truck Rental*, 140 Ga. App. 188, 189-190 (1) (230 SE2d 322) (1976).

[7] *Womack Indus. v. B & A Equip. Co.*, 199 Ga. App. 660, 661 (1) (405 SE2d 880) (1991).

[8] (Citation omitted.) Id.

[9] See, e.g., *Trench Shoring Svcs. of Atlanta v. Westchester Fire Ins. Co.*, 274 Ga. App. 850, 851 (619 SE2d 361) (2005) (equipment used off-site is not used for improvement of the project).

Second, if CATS's claim is considered to be due on the date of inspection rather than on the last date the equipment was furnished for the improvement of the project, this would create an unwarranted inconsistency in subsections (a) (2) and (a) (3) of OCGA § 44-16-361.1:

> There are two critical dates for the enforcement of mechanics' liens. One is that the claim of lien must be filed within three months after, as it relates to this case, "the material [or machinery] is furnished." OCGA § 44-14-361.1 (a) (2). The other is that an action for recovery of the amount of the claim must be commenced within 12 months from "the time the claim shall become due." OCGA § 44-14-361.1 (a) (3). In both instances, *the date from which the measurements are made is the same.*[10]

Thus, "[t]he date the material was 'furnished' or 'delivered' is crucial to the timeliness of the lien. *The date the claim is due means the same thing for mechanics' lien purposes,* even if the parties agree on a different due date. The latter is of no consequence in determining the validity of the lien."[11]

Third, allowing an inspection period in determining the due date for purposes of OCGA § 44-14-361.1 (a) (3) would "preserve the lien rights on the real estate for an indefinite time in the future. The adverse effects of such a rule on property owners and secured creditors, are obvious."[12]

We find, in light of the foregoing, that the "due date" for purposes of OCGA § 44-14-361.1 (a) (3) does not include an inspection period, but is determined from the last date the equipment was provided for the improvement of the real estate. It remains an issue of fact as to whether CATS's equipment, the last of which was delivered to CATS on the morning of February 16, 2004, remained at the project for some time on that date. Even assuming that the equipment was furnished for the improvement of the project through February 16, 2004, CATS's action on its claim was untimely. "[I]n accordance with the mandate that Georgia's materialmen's lien law should be dealt with

---

[10] (Citations and punctuation omitted; emphasis supplied.) *L & W Supply Corp. v. Whaley Constr. Co.*, 197 Ga. App. 680, 681 (399 SE2d 272) (1990).

[11] (Citations omitted; emphasis supplied.) Id. at 682.

[12] *Dixie Lime & Stone Co.*, supra at 190 (1).

according to the strictest rules of strict construction," the three-month period contemplated by OCGA § 44-14-361.1 (a) (2) commences on the last date materials are furnished.[13] There is no reason to treat the calculation of the 12-month period contemplated by OCGA § 44-14-361 (a) (3) differently. It follows that the last date "within" the 12-month period was February 15, 2005, and CATS's suit on February 16, 2005, was untimely.[14] CATS's lien was therefore invalid, and the trial court correctly granted summary judgment to Athena and Accredited Surety. In view of this finding, we need not address CATS's claim that the trial court erred in finding the lien was additionally invalid because CATS and Athena were not in privity of contract.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JANUARY 29, 2008.

*Bannister & Black, Charles C. Black*, for appellant.
*Pursley, Lowery & Meeks, Eric N. Van De Water*, for appellees.

---

[13] (Citation and punctuation omitted.) *U. S. Filter Distrib. Group v. Barnett*, 273 Ga. 254, 255 (538 SE2d 739) (2000). This is an exception to OCGA § 1-3-1 (d) (3), which, if it applied, would add a day to the filing period because the first day of the computation period would not be counted. Id.

[14] See, e.g., *David v. Marbut-Williams Lumber Co.*, 32 Ga. App. 157 (122 SE 906) (1924) (if claim for materials came due on November 14, 1920, then action on November 14, 1921, would not have been brought in time).