## 51832. BROCKETT ROAD APARTMENTS et al. v. GEORGIA PACIFIC CORPORATION.

CLARK, Judge.

Plaintiff, Georgia Pacific Corporation, brought this action to foreclose a materialman's lien upon real estate owned by defendant Brockett Road Apartments, Ltd., a limited partnership in which defendant David H. Head was a general partner. The complaint alleged that defendants entered into a contract with T. C. Contractors, Inc., to improve the real estate in question; that plaintiff, a materialman, furnished materials valued at $67,472.86 to T. C. Contractors, Inc.; and that a portion of the furnished materials valued at $17,396.01 was used to improve defendants' premises. It was further alleged that plaintiff timely filed and recorded a materialman's lien against the real estate and timely commenced suit against T. C. Contractors to recover the amount of its claim.

A copy of the materialman's lien was attached to and made a part of the complaint. It reads, in part, as follows: "Georgia Pacific Corporation, a corporation, whose President is R. B. Pamplin, materialmen . . . claim a lien on the real estate and improvements, the property of Brockett Road Apartments, Ltd. for ($17,396.01) Seventeen thousand three hundred ninety six Dollars and 01/100 cents for material furnished to *Piedmont Engineering & Construction,* a contractor or builder . . . for improving the property of the said Brockett Road Apartments, Ltd. . ." (Emphasis supplied.)

Defendants answered, denying that plaintiff was entitled to foreclose its lien and setting forth various defenses to the action. One such defense was based upon plaintiff's failure to commence suit against Piedmont Engineering & Construction Corporation, the contractor named by plaintiff in its claim of lien.

Following discovery, defendants filed a motion for summary judgment. The trial court denied the motion but certified its decision for immediate review. Thereafter, we granted defendants' application for an interlocutory appeal.

Defendants contend that since the Piedmont En-

gineering and Construction was named in the claim of lien as the contractor to which plaintiff furnished materials, plaintiff was bound to commence suit against Piedmont as a condition precedent to recovery. See Code § 67-2002 (3). Thus, defendants continue, since plaintiff did not commence suit against Piedmont, the trial court erred in denying their motion for summary judgment. For the reasons set forth hereinafter, we agree with defendants' contention.

At the outset, we note that inasmuch as our lien laws and procedures are in derogation of the common law, they must be construed strictly against the creditor and in favor of the debtor. *Green v. Farrar Lumber Co.,* 119 Ga. 30 (46 SE 62). This principle must underlie any analysis of our lien law. Bearing this principle in mind, we turn to the problem at hand.

"[I]n a suit to foreclose a materialmen's lien on real estate, plaintiff must show that he has brought suit against the contractor or subcontractor, as the case may be, to whom the material was furnished, unless the case is one within the exceptions enumerated under Code § 67-2002 . . ." *Eubank v. Barber-Colman Co.,* 115 Ga. App. 217, 219 (154 SE2d 638). In the body of its complaint, plaintiff alleged it furnished materials to, and consequently commenced suit against, T. C. Contractors, Inc. However, the claim of lien attached to the complaint shows that plaintiff furnished materials to Piedmont Engineering & Construction Corporation, not T. C. Corporation, Inc. Was it, therefore, incumbent upon plaintiff to commence suit against Piedmont Engineering & Construction in order to foreclose its claim of lien? "Where a party relies on a written instrument as the basis of an action, and attaches a copy of the instrument as an exhibit, the facts shown in the exhibit will prevail over the allegations of the party in the pleading. [Cits.]" *H & R Block, Inc. v. Asher,* 231 Ga. 780, 781 (204 SE2d 99). Construed in accordance with this rule, the complaint shows that Piedmont Engineering & Construction was the contractor to which plaintiff furnished materials. Accordingly, plaintiff was bound to commence suit against that contractor as a condition precedent to foreclosure. Code § 67-2002 (3); *D. H. Overmyer &c. Co. v.*

*W. C. Caye & Co.,* 116 Ga. App. 128 (157 SE2d 68).

An examination of the evidence adduced via discovery shows that plaintiff did not commence suit against Piedmont Engineering & Construction, the contractor to which plaintiff furnished material. Thus, the trial court erred in failing to grant defendants' motion for summary judgment.

Relying upon *Broxton Artificial Stone Works v. Jowers,* 4 Ga. App. 91 (60 SE 1012), plaintiff argues that the name of the contractor in a claim of lien is mere surplusage and that, therefore, it was not bound to commence suit against Piedmont Engineering & Construction. This argument misses the mark. Plaintiff pleaded, in effect, that Piedmont Engineering & Construction was the contractor to which it furnished material. Plaintiff was bound by this allegation (*Anderson v. Oakley,* 133 Ga. App. 758, 759 (212 SE2d 875)) and, therefore, it was incumbent upon plaintiff to commence suit against Piedmont Engineering & Construction. This plaintiff failed to do.

*Judgment reversed. Bell, C. J., and Stolz, J., concur.*

ARGUED FEBRUARY 2, 1976 — DECIDED
MARCH 19, 1976.

*Gershon, Ruden, Pindar & Olim, Max Olim,* for appellants.

*Lipshutz, Zusmann, Sikes, Pritchard & Cohen, Charles Pritchard, Abraham A. Sharony,* for appellee.