**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J. and BOGGS, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**January 18, 2013**

# In the Court of Appeals of Georgia

A12A2277. ROBERTSON v. RIDGE ENVIRONMENTAL, LLC.  DO-105

A12A2278. ROBERTSON, JR. v. RIDGE ENVIRONMENTAL,  DO-106
LLC.

A12A2279. C & H QUALITY HOMES, INC. v. RIDGE  DO-107
ENVIRONMENTAL, LLC.

DOYLE, Presiding Judge.

These related appeals stem from three petitions for declaratory judgments filed by Clay Robertson, G. Edward Robertson, Jr., and C & H Quality Products, Inc., (collectively "the Petitioners"), asking the trial court to declare unenforceable certain mechanics liens filed by Ridge Environmental LLC against property owned by the three Petitioners. The petitions alleged that Ridge had failed to commence an action to collect the liens within the applicable statutory period, rendering the liens

unenforceable. The trial court dismissed the petitions, and we now affirm for the reasons that follow.

The record shows that Ridge filed seven claims of lien against the Petitioners' property on December 21, 2005, for work related to clearing the Petitioners' property.[1] In the claim of lien filed against Clay Robertson's property, Ridge stated that the lien was claimed "as satisfaction of a claim which became due and payable on November 11, 2005, for materials furnished at the request of Clay Robertson." In the three claims of lien filed against Edward Robertson Jr.'s properties, Ridge stated that the liens were claimed "as satisfaction of a claim which became due and payable on November 11, 2005, for materials furnished at the request of Clay Robertson and G. Edward Robertson, Jr." And in the three claims of lien filed against C & H's properties, Ridge stated that the liens were claimed "as satisfaction of a claim which became due and payable on November 11, 2005, for materials furnished at the request of Clay Robertson and C & H Quality Homes, Inc." Each claim of lien stated the amount claimed against each owner and listed a description of the property at issue.

---

[1] Three claims of lien each were filed against C & H Quality Homes and Edward Robertson Jr., and one claim of lien was filed against Clay Robertson.

2

On March 2006, the Petitioners claimed to have filed cash bonds with the superior court clerk in order to discharge the liens, and in February 2011, the Petitioners filed the instant petitions for declaratory judgment asking the trial court to declare the liens unenforceable for Ridge's failure to commence actions to collect the liens within the statutorily required time period. Ridge answered, claiming that the Petitioners' actions should be dismissed because Ridge had filed a counterclaim against B. Kay Builders in an action by B. Kay against Ridge filed in Richmond County, Georgia in 2006 (within one year of Ridge's filing of the liens). Ridge contended that B. Kay Builders was the contractor for whom the work on the Petitioners' property had been performed, and that by counterclaiming against B. Kay, Ridge had fulfilled the statutory requirement to file suit for recovery of its lien claims pursuant to OCGA § 44-14-361.1 (a) (3). Ridge later amended its motions to dismiss to include copies of a consent judgment reached in the Richmond County matter in which B. Kay Builders consented to a judgment of $45,000 and agreed to the release of $16,056.25 in cash bonds filed to release liens filed against it by Ridge.

The trial court granted Ridge's motions to dismiss the petitions, finding that Ridge had perfected its liens against the Petitioners by virtue of filing counterclaims against B. Kay Builders in Richmond County within the statutory period of OCGA

3

§ 44-14-361.1 (a) (3) for commencing actions. The trial court then dismissed the Petitioners' claims for declaratory judgment and allowed Ridge's counterclaims to proceed. These interlocutory appeals of the trial court's dismissal orders followed.

Because "the trial court considered matters outside the pleadings, the motion to dismiss was converted to one for summary judgment[,]" which is properly granted "when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law."[2] "A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant."[3]

1. The Petitioners first argue that the trial court erred by ignoring this Court's ruling in *Brockett Road Apartments v. Ga. Pacific Corp.*,[4] which the Petitioners claim supports their contentions that the liens were not perfected in this case. We disagree.

---

[2] (Footnote and punctuation omitted.) *Ford v. Caffrey*, 293 Ga. App. 269, 270 (666 SE2d 623) (2008).

[3] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[4] 138 Ga. App. 198 (225 SE2d 771) (1976).

4

OCGA § 44-14-361.1 prescribes in pertinent part the statutory procedure for filing a materialmen's lien; this statute is in derogation of the common law and must be strictly construed. . . . The filing for record of a claim of a materialmen's lien shall be in substance as provided in OCGA § 44-14-361.1 (a) (2); thus, the filing of a claim of lien need not be identical in content to the form prescribed in this subsection.[5]

As stated in OCGA § 44-14-361.1, the claim of lien

> shall be in substance as follows: A.B., a mechanic, contractor, subcontractor, materialman, machinist, manufacturer, registered architect, registered forester, registered land surveyor, registered professional engineer, or other person (as the case may be) claims a lien in the amount of (specify the amount claimed) on the house, factory, mill, machinery, or railroad (as the case may be) and the premises or real estate on which it is erected or built, of C.D. (describing the houses, premises, real estate, or railroad), for satisfaction of a claim which became due on (specify the date the claim was due, which is the same as the last date the labor, services, or materials were supplied to the premises) for building, repairing, improving, or furnishing material (or whatever the claim may be).[6]

---

[5] (Citations and punctuation omitted.) *Mull v. Mickey's Lumber & Supply Co.*, 218 Ga. App. 343, 345 (2) (461 SE2d 270) (1995).

[6] (Punctuation omitted.) OCGA § 44-14-361.1 (a) (2).

Thereafter, in order to perfect the lien against the property, the party must file within 365 days an action to recover the amount of the party's claim of lien.[7]

The Petitioners contend that because Ridge failed in its claims of liens to state that it furnished materials to B. Kay Builders and instead claimed that the lien was filed "as satisfaction of a claim which became due and payable on November 11, 2005, for materials furnished at the request of Clay Robertson,"[8] Ridge's attempt to recover the debt from B. Kay Builders did not act to perfect the claims of liens under OCGA § 44-14-361.1 (a) (3). The Petitioners point to *Brockett Road Apartments*,[9] in which this Court addressed a petition to collect on a lien filed against the owner of property, which petition included an attached claim of lien alleging in the claim of lien that the plaintiff furnished materials "to *Piedmont Engineering & Construction*, a contractor or builder for improving the property of the said Brockett Road

---

[7] See OCGA § 44-14-361.1 (a) (3).

[8] The Petitioners' arguments also refers to the claims of liens filed against properties owned by Edward or C & H in which Ridge stated the materials were furnished at the request of "G. Edward Robertson and Clay Robertson" or at the request of "C & H Quality Homes and Clay Robertson."

[9] 138 Ga. App. at 198.

Apartments, Ltd."[10] This Court held that the plaintiff could not collect on the lien because the plaintiff failed to file a suit against Piedmont Engineering & Construction within one year of filing the claim of lien against the property owner and that a suit the plaintiff filed against *T. C. Contractors, Inc.*, was insufficient to perfect the claim of lien.[11] Although there are similarities to this case, *Brockett Road* does not require the result sought by the Petitioners.

Here, it is undisputed that B. Kay Builders was the named contractor overseeing the work completed by Ridge Environmental. Furthermore, within one year of filing the claims of liens at issue, Ridge filed counterclaims against B. Kay to recover the debts at issue. So the question becomes whether the trial court was required to declare invalid the liens at issue based on Ridge's failure to name the contractor in the lien and its act *of naming the property owner or owners* as those at the direction of whom the materials were furnished. We hold that it did not.

---

[10] (Emphasis in original.) Id. at 198-199.

[11] Id. It is unclear from the facts provided in *Brockett Road* why the claim of lien named Piedmont Engineering "as the contractor or builder" rather than T. C. Contractors. See id. at 198.

The plain language of the lien statute does not require that the contractor's name be included in the claim of lien.[12] Ridge's claims of liens included statements that the liens were against specific properties for materials furnished to the respective property owner or owners, and at no point in the claims of liens did Ridge describe the owners as contractors. The claim of lien at issue in the *Brockett Road* case defined Piedmont Engineering & Construction as the contractor or builder to which the materials were furnished.[13] When the claim of lien in *Brockett Road* was attached to the plaintiff's pleading, the statements in the claim became factual allegations that had to be proven by the plaintiff.[14] The plaintiff alleged that Piedmont Engineering & Construction was the contractor related to the debt and therefore was required to establish that it had filed suit within one year to collect the debt against that entity in order to perfect the claim of lien prior to filing suit against the property owner. In this case, however, the language of the claims of liens does not serve as factual allegations

---

[12] See OCGA § 44-14-361.1 (a) (2).

[13] Compare with *Brockett Road Apartments*, 138 Ga. App. at 198 ("material furnished to Piedmont Engineering & Construction, *a contractor or builder . . .*") (emphasis omitted; emphasis supplied).

[14] Id. at 199-200. See also *SAKS Assocs., LLC v. Southeast Culvert, Inc.*, 282 Ga. App. 359, 362 (1) (638 SE2d 799) (2006).

8

that the Petitioners were the contractors because there is no language within the claims describing the Petitioners as such. Accordingly, *Brockett Road* does not demand reversal of the trial court's dismissal order.

2. The Petitioners also argue that the trial court erred by treating the Richmond County consent judgment as res judicata regarding disputed issues in these actions.

In its order, the trial court cited to the consent judgment entered in the Richmond County action between B. Kay Builders and Ridge while explaining that Ridge had met the requirement of OCGA § 44-14-361.1 (a)(3) to first pursue its debt claims against the contractor before proceeding against the property owner. The Petitioners contend that because they were not parties to that action, any finding based on the action is not binding against them. Nevertheless, the trial court simply took notice of the finality of the Richmond County action, which by its existence established that Ridge fulfilled necessary steps to proceed against the Petitioners. Moreover, the trial court's finding that B. Kay Builders acted as the contractor in the transactions at issue in these cases is supported by the undisputed evidence presented by Ridge. Accordingly, this enumeration is without merit.

*Judgment affirmed. Andrews, P. J. and Boggs, J., concur.*