**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 10, 2015**

# In the Court of Appeals of Georgia

A15A1262.  FOUNDERS  KITCHEN  &  BATH,  INC.  v.
    ALEXANDER et al.

MCFADDEN, Judge.

This is a materialman's lien case in which the trial court granted a defense

motion for summary judgment on the grounds that the parties are in privity of contract

and thus the complaint is barred by the 365 day time limit imposed by OCGA § 44-

14-361.1 (a) (3). But contrary to the trial court's finding, there exist genuine issues

of material fact as to whether the parties are in privity of contract and whether the

time limit provided by OCGA § 44-14-361.1 (a) (3) applies to the complaint in this

case. Accordingly, we reverse.

"Summary judgment is appropriate when no genuine issues of material fact

remain and the moving party is entitled to judgment as a matter of law. On appeal, we

review a trial court's grant of summary judgment de novo, construing the evidence and all inferences drawn from it in a light favorable to the nonmovant." *Stennette v. Miller*, 316 Ga. App. 425, 426 (729 SE2d 559) (2012) (citation omitted).

So viewed, the evidence shows that Debra and James Alexander (the "Alexanders") contracted with Cirillo Custom Homes, Inc. ("Cirillo") for the construction of a house. Cirillo contracted with Founders Kitchen & Bath, Inc. ("Founders") for the installation of kitchen cabinets. Pursuant to its agreement with Cirillo, Founders installed cabinets in the Alexanders' home. On September 25, 2007, Founders filed a claim of lien against the property. It provided notice of the claim of lien to the Alexanders on March 5, 2008. On February 28, 2008, Founders filed an action on its claim of lien against Cirillo, claiming that Cirillo had not paid. The record does not reveal what has become of that action against Cirillo. But on May 2, 2014, Founders filed the instant complaint to foreclose its materialman's lien against the Alexanders.

The Alexanders moved for summary judgment, claiming that Founders' president admitted in deposition testimony that Founders had a contract with the Alexanders; that as a result of such contractual privity, Founders was required by OCGA § 44-14-361.1 (a) (3) to commence its lien action against them within 365

2

days of when the claim became due; that Founders failed to meet that deadline, having filed its complaint against them more than six years after its claim of lien was filed; and that Founders' action is thus time-barred. The trial court granted the motion, stating that it was "treating [Founders'] complaint as having been filed under OCGA § 44-14-361.1 (a) (3), thus construing [Founders'] owner's conflicting deposition testimony against him, finding that [Founders] was in privity [of contract] with the defendant property owners [the Alexanders] concurrently with being in privity with Cirillo." The trial court went on to conclude that Founders' action against the Alexanders was time-barred since it was filed "well outside the 365-day term provided by OCGA § 44-14-361.1 (a) (3)."

Founders appeals, asserting that the trial court erred in finding that its complaint against the Alexanders is barred by the 365 day time limit set forth in OCGA § 44-14-361.1 (a) (3). We agree.

Our Supreme Court has summarized the statutory scheme at issue.

> The Georgia General Assembly has enacted a detailed statutory scheme for creating special liens on real property, including liens of materialmen who furnish materials for the building, repairing, or improving of the property. O.C.G.A. § 44-14-361.1 (a) sets out the provisions for perfecting a lien. These provisions require a materialman who has substantially complied with the contract for materials to (a) file a claim of lien in the county where the property is located within three

3

months of furnishing the materials; (b) send a copy of the lien claim to the property owner; (c) commence an action against the contractor to recover the amount of the claim within [365 days] of when the claim became due; and (d) file a notice of the action with the superior court clerk of the county where the lien was filed so that the clerk can enter information about the lawsuit in county records. [See O.C.G.A. §§ 44-14-361.1 (a) (1) - (3).]

Subparagraph (a) (4) of O.C.G.A. § 44-14-361.1 permits the materialman to bring an action directly against the property owner to enforce the lien against the property without filing an action or obtaining judgment against the contractor as a prerequisite to enforcing a lien against the property in limited circumstances. A direct action against the owner is allowed when the contractor dies or leaves the state, is adjudicated a bankrupt, or has a contract with the lien claimant requiring that the contractor be paid before the supplier. O.C.G.A. § 44-14-364 permits the property owner to discharge the lien on its real estate by filing a bond in the superior court clerk's office.

The legislature has mandated strict compliance with these statutory provisions. O.C.G.A. § 44-14-361.1 expressly provides that liens shall not be effective or enforceable unless created or declared according to the statute. In addition, this [c]ourt has followed the rule that lien statutes in derogation of the common law must be strictly construed in favor of the property owner and against the materialman. The rationale is that there is usually no contract between the owner and supplier. Instead, a materialman's lien effectively permits the transfer of liability from the person who actually contracted with the materialman for materials to be used in improving real estate to the owner of the improved property.

*Few v. Capitol Materials*, 274 Ga. 784, 784-785 (1) (559 SE2d 429) (2002).

The instant case involves an action brought by materialman Founders directly against the Alexanders as property owners, not the action brought against contractor

4

Cirillo. As noted above, OCGA § 44-14-361.1 (a) (3) requires that "the lienholder must commence an action for the recovery of the amount of the *claim against the contractor* within [365 days] of when the claim became due," *Action Concrete v. Portrait Homes - Little Suwanee Point, LLC*, 285 Ga. App. 650, 652 (2) (647 SE2d 353) (2007) (emphasis supplied). Our Supreme Court has held that 365 day deadline applicable only to claims against the contractor.

> [T]he requirement of the statute as to the time within which the action shall be commenced relates to the action in personam against the contractor, and not to the action against the owner of the real estate. If this were not true, the right of the materialman to foreclose his lien against the real estate might be wholly defeated, without fault on his part, by such delay in the trial of the action against the contractor as to make it impossible to commence foreclosure proceedings against the owner within [365 days] from the time when the claim became due.

*Southern Railway Co. v. Crawford & Slaten Co.*, 178 Ga. 450 (173 SE 91) (1934) (citation omitted).

Consequently, as the underlying action in this case is not against the contractor, the time limit set forth in OCGA § 44-14-361.1 (a) (3) does not apply unless the Alexanders were effectively acting as their own contractors and had a contract for supplies directly with Founders. See *Southern Railway*, supra at 451 (distinguishing "*Cherry v. North & South Railroad*, 65 Ga. 633, in which the lien was claimed under

5

a contract made directly with the owner"); *Roofing Supply of Atlanta v. Forrest Homes*, 279 Ga. App. 504, 506 (1) (632 SE2d 161) (2006) (finding that property owner may also be its own contractor within meaning of the statute). But contrary to the trial court's finding, the record shows that there is, at the very least, a genuine issue of material fact as to whether such contractual privity exists between Founders and the Alexanders.

We first note that Founders' complaint makes no allegation of any contract with the Alexanders, and instead only alleges its contract with Cirillo. Likewise, the answer of the Alexanders expressly averred that they had no contract with Founders. Moreover, the Alexanders both deposed that there was no contract with Founders. Thus, trial court's decision to "treat [Founders'] complaint as having been filed under OCGA § 44-14-361.1 (a) (3)" is directly contradicted by the pleadings and the summary judgment movants' own testimony.

As for the trial court construing Founders' president's conflicting deposition testimony against him as basis for finding that the parties are in privity of contract, we note that the trial court failed to identify precisely what testimony it was construing. The Alexanders argue that the trial court was referring to the president's deposition testimony describing a list of the cabinets and other items that were

6

installed by Founders as "[a] contract between us and the Alexanders." However, whether that document constituted a binding contract between the parties was a legal conclusion that should not have been considered as evidence on a motion for summary judgment. *GE Capital Mortg. Servs. v. Clack*, 271 Ga. 82, 84 (1) (b) (515 SE2d 619) (1999).

Furthermore, the trial court mistakenly applied the self-contradicting testimony rule set out in *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986). "The *Prophecy* rule requires trial courts, when considering summary judgment motions, to (1) eliminate all portions of a party's self-contradictory testimony that are favorable to, and left unexplained by, that party; and (2) consider the remaining evidence in favor of the party opposing summary judgment." *Thompson v. Ezor* 272 Ga. 849, 851 (1) (536 SE2d 749) (2000) (citation omitted). However, "[c]ontradictory testimony is not to be construed against a party if he offers a reasonable explanation for the contradiction." *Bradley v. Winn-Dixie Stores*, 314 Ga. App. 556, 557, n. 8 (724 SE2d 855) (2012) (citation omitted).

In this case, the purported contradiction in the testimony of Founders' president is not unexplained. At the same deposition where the president identified the list of supplies as being a contract with the Alexanders, the president later testified that the

7

contract to sell materials was actually with Cirillo, and he further acknowledged that there was nothing on the list which provided that it was a contract between Founders and the Alexanders. The president also provided an affidavit in which he stated that his testimony regarding the existence of any contract was mistaken and that no contractual privity had existed between the parties. Indeed, a review of the document reveals that it does not constitute a contract between Founders and the Alexanders. See OCGA § 13-3-1. Thus, the purported contradictory statements of the Founders' president were not left unexplained and should not have been construed against Founders by the trial court.

Under these circumstances, there is, at the very least, a genuine issue of material fact as to whether Founders and Alexander are in contractual privity. Because there exists such a genuine issue of material fact, the trial court erred in finding otherwise and in granting summary judgment to the Alexanders on the basis that the complaint is barred by the 365 day time limit of OCGA § 44-14-361.1 (a) (3).

We do not decide what statute of limitation does apply to the complaint in this case. That is an issue better developed upon the return of the case to the trial court.

*Judgment reversed. Ellington, P. J., and Dillard, J., concur.*

8