**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and COOMER, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**September 29, 2020**

# In the Court of Appeals of Georgia

A20A1010. OPTUM CONSTRUCTION GROUP, LLC et al. v. CITY ELECTRIC SUPPLY COMPANY.

MERCIER, Judge.

City Electric Supply Company furnished materials to Palmetto Power Services, LLC ("Palmetto Services") an entity that represented itself as a subcontractor for a hotel construction project on which Optum Construction Group, LLC was the general contractor. After Palmetto Services failed to pay City Electric for the materials, City Electric sued Palmetto Services and filed a materialman's lien on the hotel and real estate on which it was constructed. Optum and its surety, Fidelity and Deposit Company of Maryland, discharged the lien by filing a bond. City Electric obtained a confession of judgment from Palmetto Services and filed suit against Optum and Fidelity to recover on the lien release bond. The trial court granted summary

judgment to City Electric and denied Optum and Fidelity's motion for summary judgment. Optum and Fidelity appeal, claiming, inter alia, that the trial court erred by granting City Electric's motion for summary judgment and by denying their motion for summary judgment. For the following reasons, we affirm in part and reverse in part.

Optum was a general contractor for the construction of improvements to a Hampton Inn property ("Property"). Accordingly, Optum entered into a subcontract with "Palmetto Power Services Palmetto Power Unlimited, [I]nc" ("Palmetto Unlimited") for the performance of electrical work on the Property. The pay applications received and paid by Optum were from "Palmetto Power Services."

Palmetto Services entered into a commercial credit account with City Electric for building materials related to Palmetto Services' work on the property. City Electric thereby provided materials to Palmetto Services for use on the Property. On July 16, 2015, City Electric sent a notice to Optum, stating that it was providing materials at the instance of "Palmetto Power."

Edwin Maxwell, the CEO of Optum, averred that Palmetto Unlimited "abandoned the Project, and failed to pay City Electric amounts incorporated in Palmetto Unlimited pay applications for which Optum previously paid." On May 11,

2016, City Electric obtained a materialman's lien on the Property in the amount of $123,716. On June 23, 2016, Optum discharged the lien by filing a lien bond in the amount of $247,432.

City Electric filed a lawsuit in South Carolina against Palmetto Services and Doug Cummings, its CEO, which was settled and dismissed with prejudice on September 28, 2017. A confession of judgment against Palmetto Services was filed on November 3, 2017, in the amount of $150,519 regarding five separate projects, including the Property.

In October 2016, City Electric filed the underlying lawsuit against Optum and Fidelity, claiming that pursuant to a contract it had supplied materials to Palmetto Services, Optum's subcontractor, for improvements to the Property and was not paid for the materials.[1] Both sides filed motions for summary judgment, and the trial court granted City Electric's motion and denied Optum's and Fidelity's motion.

1. Optum and Fidelity contend that the trial court erred in granting summary judgment to City Electric because City Electric did not satisfy the lien requirements set out in OCGA § 44-14-361. Summary judgment is properly granted when there is

---

[1] City Electric filed a lien waiver stating that it was not entitled to recover for materials delivered through January 25, 2016. As such, it sought damages in the amount of $109,379.

3

no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Robertson v. Ridge Environmental,* 319 Ga. App. 570, 571 (737 SE2d 578) (2013). "A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." Id. (citation and punctuation omitted).

Pursuant to OCGA § 44-14-361 et seq., a materialman who furnishes supplies and materials for building, repairing, or improving property may file a lien. See *Washington Intern. Ins. Co. v. Hughes Supply, Inc.*, 271 Ga. App. 50, 51 (1) (609 SE2d 99) (2004). In order to perfect a lien, OCGA § 44-14-361.1 (a) (1) through (3)

> require a materialman who has substantially complied with his [or her] contract to: (a) file a claim of lien in the county where the property is located within three months of furnishing the materials; (b) send a copy of the lien claim to the property owner; (c) commence an action against the contractor to recover the amount of the claim within 12 months of when the claim became due; and (d) file a notice of the action with the superior court clerk of the county where the lien was filed so that the clerk can enter information about the lawsuit in county records.

Id. at 51-52 (1) (citation and punctuation omitted). OCGA § 44-14-361.1 "is in derogation of the common law and must be strictly construed." *Robertson*, supra at 572 (1) (citation and punctuation omitted).

Optum claims that City Electric did not qualify as a lien claimant because it was not in direct privity of contract with Optum. It argues that because the subcontract identifies the subcontractor as "Palmetto Power Services Palmetto Power Unlimited [I]nc", and not Palmetto Power Services, LLC, there was no privity of contract between Palmetto Services and Optum and thus no chain of contracts between the owner and City Electric and therefore the lien did not attach.

OCGA § 44-14-361 (b) provides that a lien "may attach to the real estate of the owner for which the labor, services, or materials are furnished if they are furnished at the instance of the owner, contractor, or some other person acting for the owner or contractor[.]" Furthermore, "[a]bsent proof of a contractual relationship, either directly or through a chain of contracts, between the owner of the property and the person to whom the materials are furnished, a lien created under OCGA § 44-14-361 et seq. will not attach." *Benning Constr. Co. v. Dykes Paving & Constr. Co.*, 263 Ga. 16, 18-19 (426 SE2d 564) (1993). See *Ben Hill Ready Mix Concrete Co. v. Prather*, 160 Ga. App. 149, 150 (1) (286 SE2d 481) (1981).

5

In *Ben Hill*, the correct account debtor was sued in order to perfect the lien but there was no evidence in the record that the party to whom the materials were furnished was either a contractor or subcontractor of the owner. See id. As such, no enforceable lien was created against the owner's property, and summary judgment for the property owner was properly granted. Id.

Here, there is a genuine issue of material fact as to whether Optum had a contractual relationship through a chain of contracts with Palmetto Services. The subcontract lists "Palmetto Power Services Palmetto Power Unlimited [I]nc." as the subcontractor and not Palmetto Power Services, LLC. But Optum concedes that "Palmetto Power Unlimited was ultimately organized as an LLC instead of a corporation." Therefore, it appears that the named subcontractor never existed.

"[A] mere misnomer of a corporation in a written instrument, or in a law, or in a judicial proceeding is not material or vital in its consequences, if the identity of the corporation intended is clear or can be ascertained by proof." *AAA Restoration Co., v. Peek*, 333 Ga. App. 152, 153 (1) (775 SE2d 627) (2015) (citation and punctuation omitted). "[E]rror in the use of the corporate name will not be permitted to frustrate the intent which the name was meant to convey, which intent can be proved through

6

parol evidence." *Courtland Hotel, LLC v. Salzer*, 330 Ga. App. 264, 266 (767 SE2d 750) (2014) (citation and punctuation omitted).

Optum's CEO averred that he believed that "Palmetto Power Services" on the subcontract was a "d/b/a" for Palmetto Unlimited. Conversely, City Electric points to the fact that "Palmetto Power Unlimited [I]nc" was written in a smaller font size to the side of the subcontract to support its argument that the name was an "extraneous mark" that was not initialed and therefore the subcontract was actually with Palmetto Services. Furthermore, the pay applications received and paid by Optum were from "Palmetto Power Services." In this case, the contract is not clear as to identity of the subcontractor, and the record contains conflicting evidence regarding whether City Electric was in a contractual relationship with Optum. As such, the trial court erred by granting summary judgment to City Electric. See *Founders Kitchen & Bath, Inc. v. Alexander*, 334 Ga. App. 389, 392-393 (779 SE2d 668) (2015) (reversing grant of summary judgment where fact issue remained as to whether materialman was in privity of contract with property owner, as record contained contradictory information); compare *Lane Supply, Inc. v. W. H. Ferguson & Sons, Inc.,* 286 Ga. App. 512, 517 (2) (649 SE2d 614) (2007) (when the record contained no proof that the work performed by Lane was furnished at the instance of

the property owners or for some other person acting on the property owners' behalf, the liens were invalid as a matter of law). Accordingly, we reverse the grant of summary judgment.

2. As discussed in Division 1, an issue of material fact remains regarding whether Optum was in a contractual relationship with City Electric. As such, the trial court did not err in denying Optum's motion for summary judgment, and we affirm that ruling.

3. The remaining enumerated errors are rendered moot by our rulings in Divisions 1 and 2. See generally *Sawgrass Builders v. Key*, 212 Ga. App. 138, 139 (2) (441 SE2d 99) (1994).

*Judgment affirmed in part, reversed in part. Miller, P. J., and Coomer, J., concur*.