**FIFTH DIVISION
REESE, P. J.,
MARKLE and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 6, 2020**

# In the Court of Appeals of Georgia

A20A1037. COOK SALES, INC. v. CONCRETE ENTERPRISES, LLC.

COLVIN, Judge.

This Court granted Cook Sales, Inc. ("Cook Sales")'s request for an interlocutory appeal from the trial court's order denying its motion to dismiss Concrete Enterprises, LLC ("Concrete Enterprises")'s complaint for lien foreclosure. Concrete Enterprises, a materialman, sought to foreclose on its lien on property owned by Cook Sales for work that Concrete Enterprises performed on the property as a subcontractor for the non-party, Watford Steel Buildings ("Watford"). Cook Sales argues that the trial court erred in denying its motion to dismiss because Concrete Enterprises's notice of its lien action was not timely filed, as required by OCGA § 44-14-361.1 (a) (3). We agree, and therefore reverse.

This Court reviews the denial of a motion to dismiss under the de novo standard of review. See *McReynolds v. Krebs*, 307 Ga. App. 330, 332 (1) (705 SE2d 214) (2010).

The record shows that Watford hired Concrete Enterprises to act as a subcontractor to make improvements to Cook Sales's property. On December 19, 2017, Concrete Enterprises invoiced Watford for labor and services it performed on Cook Service's property. Watford failed to pay the invoice. On February 27, 2018, Concrete Enterprises sent notice of a claim of materialman's lien to Watford and sent a notice of claim of lien to Cook Sales.

On March 28, 2018, Concrete Enterprises filed a complaint seeking to recover the unpaid balance from Watford in Cook County Superior Court. Watford was served on July 12, 2018. Once served, Concrete Enterprises filed a Notice of Lien Action with Lowndes County Superior Court Clerk on July 16, 2018, 110 days after Concrete Enterprises commenced the action in Cook County against Watford. Concrete Enterprises obtained a default judgment against Watford in the lien action for $72,569.21.

On January 7, 2019, Concrete Enterprises then filed the instant action for lien foreclosure against Cook Sales in the Superior Court of Lowndes County. The

complaint sought a special lien against Cook Sales's property for the amount of money that Watford owed Concrete Enterprises. Cook Sales filed a motion to dismiss, arguing that Concrete Enterprises's claims were time-barred due to its failure to timely comply with the strict notice requirements of OCGA § 44-14-361.1. Following a hearing, the trial court denied the motion to dismiss, but granted Cook Sales a certificate of immediate review. This Court then granted Cook Sales's application for discretionary appeal.

Cook Sales argues that the trial court erred in denying its motion to dismiss because Concrete Enterprises did not timely comply with the notice filing requirement of OCGA § 44-14-361.1 (a) (3). See *Abacus, Inc. v. Hebron Baptist Church, Inc.*, 201 Ga. App. 376, 376 (411 SE2d 113) (1991) (failure to timely file notice of suit renders lien unenforceable). For the following reasons, we reverse.

At issue is this case is whether, under the legislature's 2009 amendment to OCGA § 44-14-361.1 (a) (3), the calculation of the deadline to file a notice of lien action in the superior court begins on the date the lien action was filed or on the date that service of process is perfected against a defendant.[1]

[1] OCGA § 44-14-361.1 has been amended several times. See Ga. Laws 2000, p. 1589, §2 (applying the former version of OCGA § 44-14-361.1 (a) (3)); Ga. Laws 2008, Act 766, §2, effective March 31, 2009 (applying the new version of OCGA §

3

When it enacted OCGA § 44-14-361.1, the Georgia legislature

created a detailed statutory scheme for regulating liens filed by materialmen who furnish supplies and materials for building, repairing, or improving property. To perfect a lien, the provisions of OCGA § 44-14-361.1 (a) (1) through (3), as summarized below, require a materialman who has substantially complied with his contract to: (a) file a claim of lien in the county where the property is located within [90 days] of furnishing the materials; (b) send a copy of the lien claim to the property owner; (c) commence an action against the contractor to recover the amount of the claim within [365 days] of when the claim became due; and (d) [within 30 days of commencing the action,] file a notice of the action with the superior court clerk of the county where the lien was filed so that the clerk can enter information about the lawsuit in county records.

(Footnote omitted). *Washington Intern. Ins. Co. v. Hughes Supply Co.*, 271 Ga. App. 50 (609 SE2d 99) (2004). See OCGA § 44-14-361.1 (a) (1) - (3). If a materialmen fails to comply with these requirements, "the lien shall not be effective or enforceable." OCGA § 44-14-361.1 (a).[2] Further,

---

44-14-361.1 (a) (3)); Ga. Laws 2010, Act 618, §1, effective July 1, 2010 (same); Laws 2019, Act 321, §44, effective May 12, 2019 (same).

[2] Accord *Central Atlanta Tractor Sales, Inc. v. Athena Dev., LLC*, 289 Ga. App. 355, 357 (657 SE2d 290) (2008) ("[T]he intent of OCGA § 44-14-361.1 as to timely filing of liens is to establish a time certain beyond which liens cannot be filed, for the protection of the contracting parties and innocent third parties . . . [accordingly,] the

the materialman's statute requires strict compliance. Before a materialman's lien can be allowed, the lien claimant must show compliance with all conditions of the statute. Filing the notice of commencement of the action is a prerequisite to the enforceability of the lien, and at the time the lienholder fails to file the notice, the lien becomes unenforceable.

(Citations omitted.) *Gwinnett-Club Associations, LP v. Southern Electric Supply Co., Inc.*, 242 Ga. App. 507 (529 SE2d 636) (2000).[3]

When interpreting a statute,

we are mindful that the "golden rule" of statutory construction requires that we follow the literal language of the statute unless doing so produces contradiction, absurdity or such an inconvenience as to insure that the legislature meant something else. If the statutory language is plain and does not lead to absurd results, we must construe the statute according to its terms without further inquiry. Moreover, in construing language in any one part of a statute, a court should consider the entire scheme of

statute is to be strictly construed against the materialmen") (punctuation and footnote omitted).

[3] "The rationale is that there is usually no contract between the owner and supplier. Instead, a materialman's lien effectively permits the transfer of liability from the person who actually contracted with the materialman for materials to be used in improving real estate to the owner of the improved property." (Citation and punctuation omitted.) *Founders Kitchen & Bath, Inc. v. Alexander*, 334 Ga. App. 389, 381 (779 SE2d 668) (2015).

the statute and attempt to gather the legislative intent from the statute as a whole.

(Citations and punctuation omitted.) *Beacon Medical Products, LLC v. Travelers Cas. and Sur. Co. of America*, 292 Ga. App. 617, 619 (1) (665 SE2d 710) (2008). Accord *Robertson v. Ridge Environmental, LLC*, 319 Ga. App. 570, 571 (1) (737 SE2d 578) (2013).

With these principles in mind, we turn to the statutory provision at issue. Prior to 2009, OCGA § 44-14-361.1 (2000) provided in relevant part:

> (a) To make good the [lien at issue in this case], [it] must be created and declared in accordance with the following provisions, and on failure of any of them the lien shall not be effective or enforceable: . . . (3) The *commencement* of an action for the recovery of the amount of the party's claim within 12 months from the time the same shall become due. In addition, within *14 days after filing such action*, the party claiming the lien shall file a notice with the clerk of superior court of the county wherein the subject lien was filed.

(Emphasis supplied.) In 2009, this subsection was amended as follows:

> (a) To make good the [lien at issue in this case], [it] must be created and declared in accordance with the following provisions, and on failure of any of them the lien shall not be effective or enforceable: . . . (3)The *commencement of a lien action* for the recovery of the amount of the

6

party's claim within 365 days from the date of filing for record of his or her claim of lien. In addition, within *30 days after commencing such lien action,* the party claiming the lien shall file a notice with the clerk of the superior court of the county wherein the subject lien was found.

(Emphasis supplied.) OCGA § 44-14-361 (2009).

Concrete Enterprises filed the complaint seeking to recover the unpaid balance from Watford in Cook County Superior Court on March 28, 2018. However, Watford was not served until July 12, 2018. Once Watford was served, Concrete Enterprises filed a Notice of Lien Action with Lowndes County Superior Court Clerk on July 16, 2018, 110 days after Concrete Enterprises filed its complaint in Cook County against Watford. Cook Sales moved to dismiss the instant lien foreclosure action because Concrete Enterprises filed its notice of lien action with the clerk of the superior court over 100 days after the filing of the lien action.

Here, we are required to consider the import of the legislative change in the wording from the "filing such an action" in the 2000 version to "commencement of a lien action" in the 2009 version of OCGA § 44-14-361.1 (a) (3). Cook Sales argues that the disputed language of the 2009 version of OCGA § 44-14-361 (a) (3) was changed simply to make the wording of the first and second sentences consistent and that this change was not substantive. Concrete Enterprises, on the other hand, argues

7

that to ignore the change in the wording would render the amendment ineffectual, and that the act of "filing" is distinct from "commencing." Concrete Enterprises argues, by changing the phrase from "filing such action" to "commencing such lien action," the legislature intended to equate the date of "commencement" with the date of "service on the defendant" and not the date the complaint was filed. See *Foster & Kleiser, Inc. v. Coe & Payne Co.*, 185 Ga. App. 284, 286 (363 SE2d 818) (1987) (reversed on other grounds by *Coe & Payne Co. v. Foster & Kleiser, Inc.*, 258 Ga. 161, 161 (366 SE2d 292) (1988)) ("Commencement means more than mere filing of the action. There must also be service upon the proper defendant") (citations omitted).

There is no case directly addressing what the phrase "commencement of a lien action" in the 2009 amendment to OCGA § 44-14-361 (a) (3) means. However, "[w]here the legislature uses certain language in one part of the statute and different language in another, the Court assumes different meanings were intended." (Citation and punctuation omitted.) *Pandora Franchising, LLC v. Kingdom Retail Group, LLLP,* 299 Ga. 723, 728 (1) (b) (791 SE2d 786) (2016). Thus, we can conclude that the legislature intended a substantive change when it amended language that a notice of lien action be filed "within 14 days after filing such action" in OCGA § 44-14-361.1 (a) (3) (2000) to a requirement that the notice of lien action be filed "within 30

8

days after commencing such lien action" in OCGA § 44-14-361.1 (a) (3) (2009). However, that substantive change was to expand the deadline for filing the notice of lien action from 14 to 30 days, and to include the phrase "lien action," which had been added as a defined term to the Lien Statute in the same 2009 amendment. OCGA § 44-14-360 (2.1) defines "[l]ien action" as "a lawsuit, proof of claim in a bankruptcy case, or a binding arbitration."

Concrete Enterprises cites to *Foster & Kaiser, Inc.,* for the assertion that "[c]ommencement means more than mere filing of the action. There must also be service upon the proper defendant." (Citation omitted.) 185 Ga. App. at 286. However, such an interpretation does not change the deadline imposed by OCGA § 44-14-361.1 (a) (3) for filing the notice of lien action with the superior court of the county where the lien was filed. "Georgia courts have repeatedly held that service or waiver is essential, but that when made it relates back to the date of filing, which establishes the date the action is commenced." (Citation and punctuation omitted.) *Classic Commercial Svcs. v. Baldwin*, 336 Ga. App. 183, 185 (1) (784 SE2d 44) (2016).[4] Accord *South v. Montoya*, 244 Ga. App. 52 (537 SE2d 367) (2000) ("If

---

[4] See *Shiv Aban, Inc. v. Ga. Dept. of Transp.*, 336 Ga. App. 804, 811-812 (784 SE2d 134) (2016) ("A statute is presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it") (citation and

9

service is perfected in accordance with statutory requirements, the date of service relates back to the date of filing, which establishes the date the action is commenced") (citation omitted); *Dyer v. Paffenroth*, 197 Ga. App. 888, 890 (1) (399 SE2d 710) (1990) ("the time of the commencement of the suit is the date of filing as entered upon the petition, where such filing is followed by appropriate service") (citation and punctuation omitted).

Here, even assuming that Concrete Enterprises's service upon Watford four months after the complaint was filed was timely, we conclude that the date the lien action was commenced for purposes of calculating the deadline to file the Notice of Lien Action with the clerk of court set forth in OCGA § 44-14-361.1 (a) (3) was March 28, 2018, the date the complaint was filed. Accordingly, Concrete Enterprises did not timely file their notice of lien action within 30 days of commencing the lien action and thus, the lien is not effective and enforceable. See OCGA § 44-14-361.1 (a).

Based upon the above, we reverse the trial court's denial of Cook Sales' motion to dismiss Concrete Enterprises' lien foreclosure suit.

---

punctuation omitted).

10

*Judgment reversed. Reese, P. J., and Markle, J., concur.*