**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

June 27, 2024

# In the Court of Appeals of Georgia

A24A0552. VATAVE v. CANOPY WORKFORCE SOLUTIONS, LLC.

MERCIER, Chief Judge.

Sunil Vatave and Suresh Sharma co-founded SS Software Technologies, LLC, which was later renamed as Canopy Workforce Solutions, LLC ("Canopy"). Vatave served as the chief executive officer from the formation of the business in 2014 until 2022. After he resigned, Vatave filed the underlying pro se action against Canopy, arguing that the company breached an oral contract to pay him deferred compensation and to pay back a loan, in the total amount of $64,033. Canopy and Vatave filed cross-motions for summary judgment. Finding that Vatave attempted to unilaterally obligate Canopy to pay him, despite language in Canopy's operating agreement requiring approval by the board of directors for such agreements, the trial court granted

Canopy's motion and denied Vatave's motion. Thereafter, Vatave filed this pro se appeal, arguing that the trial court erred by applying the *Prophecy*[1] rule to his testimony, that the oral contract was valid and that Canopy ratified the contract. Finding that a question of material fact exists as to whether Canopy ratified the contract, we reverse in part and affirm in part.

On appeal from the grant or denial of a motion for summary judgment, we "must conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Newstrom v. Auto-Owners Ins. Co.*, 343 Ga. App. 576, 577 (1) (807 SE2d 501) (2017) (citation and punctuation omitted).

So viewed, the evidence shows the following. Vatave and Sharma formed Canopy in 2014 and served as its initial board of directors. Canopy's operating agreement provided that the "ordinary and usual decisions concerning the day to day business affairs of the Company shall be made [sic] one (1) Manager" and provided that Vatave was the initial manager. However, the agreement provided that, in specific

---

[1] See *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986).

instances, Vatave could not make decisions unilaterally, and, instead, the board of directors had to approve the decision. Specifically, "[a]ny proposed contract which obligates [Canopy] to pay costs greater than Fifty Thousand [dollars]" required board approval.

In 2016 and 2017, while Canopy was struggling financially, Vatave deferred his compensation and loaned the company money in the total amount of $64,033. In 2018, Canopy sought an investor, which led to a stock purchase agreement with Clipper Ship Ventures ("CSV"). CSV invested a total of $1,000,000 in Canopy in approximately October of 2020.

Vatave resigned from Canopy in January 2022, and he filed the underlying pro se action, in November 2022, against Canopy, arguing that the company breached an oral contract to pay him the deferred compensation and to pay back the loan. Vatave claimed that the "obligation became due under said contract when the company received through its relationship with CSV a total $1 million, which occurred in late 2020 or early 2021."

Canopy filed a motion for summary judgment and pointed to Vatave's verified response to Canopy's interrogatories, wherein Vatave stated that he "agreed on behalf

of himself and the company that if Canopy could secure the CSV investment, he would wait until the first $1 million in funds came in from CSV before repaying himself." Canopy argued that, because the value of the alleged oral contract exceeded $50,000, it required board approval and Vatave could not unilaterally enter into the contract for Canopy.

Subsequently, Vatave completed an affidavit, in support of his response to Canopy's motion, and averred that he and Sharma entered into an oral agreement in January or February 2018[2], and they agreed to "pay [Vatave] for the missed payrolls and loans, which we estimated in our conversation was $60,000, but only once the investment reached $1 million, until which time I would not pay down those debts from the company's money[.]" In its order granting Canopy's motion for summary judgment, the trial court relied upon Vatave's response to the interrogatory and found that, pursuant to the operating agreement, Vatave lacked the authority to unilaterally enter into the oral contract, as the value of the contract exceeded $50,000, and therefore required board approval. In its order, the trial court found Vatave's

---

[2] At that time Vatave and Sharma were Canopy's only board members.

subsequently filed affidavit "self-contradictory, vague or equivocal[,]" and construed the evidence against him. This appeal followed.

1. Vatave argues that the trial court erred by applying the *Prophecy* rule to his affidavit. We disagree.

When a trial court considers a summary judgment motion, the *Prophecy* rule requires it "to (1) eliminate all portions of a party's self-contradictory testimony that are favorable to, and left unexplained by, that party; and (2) consider the remaining evidence in favor of the party opposing summary judgment." *Thompson v. Ezor*, 272 Ga. 849, 851 (1) (536 SE2d 749) (2000). However,

> if a reasonable explanation is offered for the contradiction, the testimony will not be construed against the party-witness. The burden rests upon the party giving the contradictory testimony to offer a reasonable explanation, and whether this has been done is an issue of law for the trial judge.

*Prophecy Corp. v. Charles Rossignol*, 256 Ga. 27, 30 (2) (343 SE2d 680) (1986). "We review conclusions of law de novo." *Pollard v. Great Dane, LLC*, ___ Ga. App. ___,*7 (___ SE2d ____) (A24A0545) (June 18, 2024)

In its first set of interrogatories, Canopy asked Vatave to identify the factual basis for the following assertion in his verified complaint: "Canopy[sic] obligation became due under said contract when the company received through its relationship with CSV a total $1 million, which occurred in late 2020 or 2021." In his verified response, Vatave stated that he "agreed on behalf of himself and the company that if Canopy could secure the CSV investment, he would wait until the first $1 million in funds came in from CSV before repaying himself." However, Vatave's subsequently filed affidavit averred that *he and Sharma* entered into an oral agreement that he would be repaid after CSV's investment reached $1 million.

"For purposes of the *Prophecy* rule, testimony is contradictory if one part of the testimony asserts or expresses the opposite of another part of the testimony." *Bradley v. Winn Dixie Stores*, 314 Ga. App. 556, 558 (724 SE2d 855) (2012) (citation and punctuation omitted). Here, Vatave made contradictory statements regarding the parties to the oral contract by initially stating that he made the oral contract on behalf of himself and the company, and then later claiming that he and Sharma entered into the contract. The trial court did not err by finding the statements contradictory. See *Smith v. Six Flags Over Georgia II,* 370 Ga. App. 778, 784 (2) (a) (i) (899 SE2d 315)

6

(2024) (trial court did not err in disregarding plaintiff's affidavit testimony that two employees were present when she fell when she had previously testified in her deposition that only one employee was present when she fell); *Hallberg v. Flat Creek Animal Clinic*, 225 Ga. App. 212, 214-215 (1) (483 SE2d 671) (1997) (appellant's deposition testimony that she did not know the cause of her fall contradicted with her subsequently filed affidavit that said she fell because the ramp was too steep).

Further, Vatave has offered no explanation for the contradiction between his verified discovery responses and his affidavit.[3] Where a party fails to offer a reasonable explanation for the discrepancy, the trial court must "*eliminate* the favorable portions of the contradictory testimony and then take all testimony on motion for summary judgment *as it then stands*, and construe it in favor of the party opposing the motion in determining whether a summary judgment should be granted." *Wright v. JDN*

---

[3] While Vatave's appellate brief argues that his affidavit merely expanded on his prior verified response to the interrogatory, arguments in briefs are not evidence. See *DirectTV v. White*, 355 Ga. App. 404, 407 (1) n.3 (844 SE2d 289) (2020) (appellant's appellate brief argument providing an explanation for a contradiction in evidence was insufficient as it was not evidence); see also *Prophecy Corp.*, 256 Ga. at 28 (1) ("A party knows what he has sworn. If he has discovered error, it can be explained in his affidavit.") (citation and punctuation omitted).

*Structured Finance,* 239 Ga. App. 685, 686 (1) (522 SE2d 4) (1999) (citation and punctuation omitted, emphasis in original).

The operating agreement provided that Vatave had to obtain board approval for "[a]ny proposed contract which obligates [Canopy] to pay costs greater than Fifty Thousand [dollars.]" Accordingly, Vatave was required to obtain approval from Sharma, the other board member at the time, in order to enter into an oral contract on behalf of Canopy to pay the missed compensation and loan because the value exceeded $50,000. The trial court properly applied *Prophecy* to the favorable portions of Vatave's contradictory testimony, and found that Vatave lacked the authority to unilaterally bind Canopy to a contract with a value exceeding $50,000.

2. We agree with Vatave, however, that the trial court erred by granting summary judgment to Canopy because the evidence raised an issue of material fact as to whether Canopy ratified the otherwise unenforceable oral contract.[4] "Ratification occurs if a principal, with full knowledge of all the material facts, accepts the benefits of an unauthorized act, or retains such benefits after discovering the material facts."

_____

[4] Of note, while Vatave argued in his response to Canopy's motion for summary judgment that Canopy ratified his actions, the trial court did not rule on the issue of ratification in its order granting summary judgment to Canopy.

*Brock v. Yale Mtg. Corp.*, 287 Ga. 849, 855 (3) (700 SE2d 583) (2010) (citation omitted); see OCGA § 10-6-52 ("A ratification by the principal shall relate back to the act ratified and shall take effect as if originally authorized. A ratification may be express or implied from the acts or silence of the principal. A ratification once made may not be revoked."). "Whether ratification occurs is usually a fact question for the jury." *Brock*, 287 Ga. at 854 (3)

Here, Vatave points to his affidavit wherein he averred that, in May 2018, he informed the board members that he "agreed to wait for the $1 million to come in before paying myself the debts I was owed." Further, Canopy prepared a disclosure schedule for investors, which was provided to the board, wherein it was disclosed that: "The company is behind in 9 salary payments to Sunil Vatave totaling with taxes $58,706.63 [and] a $2,000 loan from Mr. Vatave . . . which the Company expects to repay according to a reasonable schedule over the next 12 months."

> Where a principal is informed by his agent of what he has done, the principal must express his dissatisfaction within a reasonable time, otherwise his assent to his agent's acts will be presumed. Unless the principal repudiates the act promptly or within a reasonable time, a ratification will be presumed.

9

*Merritt v. Marlin Outdoor Advertising*, 298 Ga. App. 87, 91 (2) (b) (679 SE2d 97) (2009) (citation and punctuation omitted).

A jury issue remains as to whether Canopy had full knowledge of the material facts of the oral contract, whether Canopy repudiated the agreement, or whether a ratification occurred. Evidence, viewed most favorably to Vatave, shows that the board of directors were aware that Vatave had forgone compensation payments and made a loan to Canopy during a period of financial hardship for Canopy. Further, evidence shows that Vatave agreed that Canopy would repay the amount to him after it received $1,000,000 total in investments by CSV, and that the board of directors was aware of this oral contract. As such, questions of material fact exist as to whether ratification occurred. See *Merritt*, 298 Ga. App. at 91 (2) (b) (where evidence was in conflict, a jury issue remained as to whether the manager had any authority to bind his principal or whether a ratification occurred); *Governor's Towne Club v. Caffrey Constr. Co.*, 273 Ga. App. 284, 288-289 (2) (614 SE2d 892) (2005) (where a construction company worked on a golf course, and submitted invoices, one of which was paid, a jury issue remained as to whether the golf club had full knowledge of the material facts regarding the purported agreement to work on the golf course). Accordingly, we

reverse in part the trial court's grant of summary judgment to Canopy and hold that an issue of material fact remains as to ratification.

*Judgment affirmed in part, reversed in part. Rickman, J., concurs. McFadden, concurs in part and dissents in part.*

A24A0552. VATAVE v. CANOPY WORKFORCE SOLUTIONS, LLC.

MCFADDEN, Presiding Judge, concurring in part and dissenting in part.

I agree with the majority that whether Canopy ratified any agreement to pay Vatave is an issue of material fact requiring the reversal of the grant of summary judgment to Canopy. So I concur in Division 2.

But I would hold that the trial court erred in excising evidence essential to Vatave's breach of contract claim as mutually contradictory under *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 28 (1) (343 SE2d 680) (1986). The trial court excised Vatave's statements about the parties' agreement to pay his deferred salary and to repay his loans to the company. But those statements, read in context, are not mutually contradictory. So while I concur in Division 2, I respectfully dissent from Division 1.

Vatave testified to the basis for his contract claim in an affidavit. He testified that he and Suresh Sharma, who together owned a majority of the company, agreed that the company would pay Vatave his deferred salary and repay his loans to the company once it had received a $1 million investment from venture capital company CSV.

As for the company's side, I proposed and Mr. Sharma and I stated our agreement, from the perspective as the majority of the board, and me as the CEO, that contingent upon closing of the CSV transaction the Company would . . . pay me for the missed payrolls and loans, which we estimated in our conversation was $60,000, but only once the investment reached $1 million, until which time I would not pay down those debts from the company's money.

The majority holds that Vatave's response to Interrogatory 14 contradicts this affidavit. But that interrogatory did not ask about contract formation. Rather, it asked about Vatave's assertion that Canopy's obligation "under said contract" — that is presuming the existence of that contract — became due when the company received $1 million in funding. The prior interrogatory, Interrogatory 13, on the other hand, did concern contract formation. It asked Vatave to identify the factual basis for his assertion that, "The agreement between Canopy and [Vatave] is a legally valid and enforceable contract to pay deferred compensation and certain loans made prior to Canopy receiving its first outside capital investment in June 2018."

Vatave's affidavit is also consistent with the allegation in his verified complaint that, in anticipation of the funding being invested in June 2018, Vatave and Sharma

agreed on behalf of Canopy that Canopy would pay Vatave's deferred salary and repay his loans after the first $1 million of capital came through.

Although Vatave's statements may appear contradictory in a vacuum, the statements are better understood as responses to different questions when viewed in context, as Vatave argued below. "Thus, the purported contradictory statements of [Vatave] were not left unexplained and should not have been construed against [him] by the trial court." *Founders Kitchen & Bath v. Alexander*, 334 Ga. App. 389, 394 (779 SE2d 668) (2015). "The contradictory testimony rule of *Prophecy* . . . does not apply." *Brown v. Seaboard Constr. Co.*, 317 Ga. App. 667, 668 (1) (732 SE2d 325) (2012) (affidavits were not contradictory, and thus *Prophecy* did not apply, when the last affidavit simply clarified the prior ones).

So I would hold that the trial court erred by finding Vatave's testimony to be self-contradictory and by granting summary judgment to Canopy on Vatave's breach of contract claim and denying Vatave's motion for partial summary judgment for this reason. "Under these circumstances, there is, at the very least, a genuine issue of material fact as to whether" Vatave and Canopy have such a contract. *Founders*, 334 Ga. App. at 394. So I dissent from Division 1 of the majority opinion.

But I agree with the majority that whether a ratification occurred is a question of material fact, and so the trial court erred in granting Canopy summary judgment for this reason, as well. So I concur in Division 2 of the majority opinion.[1]

---

[1] To the extent that they are not addressed by the above analysis, I would hold that Vatave has abandoned his remaining enumerations of error by failing to support them with meaningful argument. "[M]ere conclusory statements are not the type of meaningful argument contemplated by our rules." *McAllister v. State*, 351 Ga. App. 76, 95 (6) (c) (830 SE2d 443) (2019). See Court of Appeals Rule 25 (d).